STATE OF NORTH CAROLINA v. CLARENCE CORNELL SHAW

No. 8118SC162

(Filed 15 September 1981)

**1. Narcotics § 3.1— witnesses' testimony of past drug experiences—relevancy**

In light of charges against defendant of (1) possession of cocaine with intent to sell or deliver, (2) sale of cocaine, and (3) conspiracy to sell or deliver cocaine, it was relevant for the State to offer evidence of a State witness's drug habit and his need to support that habit by dealing in drugs with defendant, of the relationship between the State's witness and defendant within a reasonable time before the date of the crimes charged, and of their *modus operandi* in drug dealing.

**2. Criminal Law § 88— cross-examination of defendant—permissible questions**

Questions by the State on cross-examination concerning defendant's connection with and use of other drug dealers, the presence of plastic bags in the car when defendant was arrested, and the proximity of schools to defendant's store were relevant to the issues in the case, were based upon sufficient information and were asked in good faith; therefore, objections to the questions were properly overruled.

**3. Criminal Law § 162— necessity for motion to strike or request for instruction**

In the absence of a motion to strike or a request for an instruction to the jury to disregard certain testimony, defendant is not entitled to be heard to complain of error in the admission of the testimony.

**4. Criminal Law § 107.2; Narcotics § 4— State's proof concerning date of offense—no variance**

Where three officers testified as to the date of certain drug transactions and the date corresponded with the date on the indictment, another witness's uncertainty about the exact date did not constitute a variance between *allegata* and *probata*.

APPEAL by defendant from *Wood, Judge*. Judgments entered 12 June 1980 in Superior Court, GUILFORD County. Heard in the Court of Appeals 31 August 1981.

Defendant was convicted, as charged, of (1) possession of cocaine with intent to sell or deliver, (2) sale of cocaine, and (3) conspiracy to sell or deliver cocaine all on 30 August 1979. Defendant appeals from judgments imposing concurrent prison terms of not less than 5 nor more than 10 years.

### STATE'S EVIDENCE

Larry Ledbetter testified for the State and admitted having a drug habit at the time in question. He obtained drugs from

defendant and also, to support his habit, beginning in July 1979, sold and tested drugs for defendant. According to Ledbetter, several other individuals also sold drugs for the defendant. In August, he met undercover agent Timothy Samuels at Shaw's Curb Market and sold to him cocaine, which he had bought from defendant, for $50.00. Several hours later Samuels returned and wanted to buy more cocaine. He gave $100.00 to Ledbetter, who went inside the market operated by defendant, paid him the $100.00, got the cocaine, and gave it to Samuels.

Agent Samuels testified that on 30 August 1979, at about 5:00 p.m. he met Ledbetter near Shaw's Curb Market and gave him $50.00. Several hours later he again met Ledbetter at the market and gave him $100.00 for cocaine. He saw Ledbetter then go into defendant's convenience store and hand the money to the defendant. Shortly thereafter, Ledbetter and the defendant came out of the store, and Ledbetter gave Samuels a package later identified as cocaine. Police detectives Baulding and Williams also personally observed portions of the transaction described by Samuels.

In January of 1980, defendant was arrested, and a large number of small plastic bags were found inside his car. Several larger plastic bags also found in the car contained white powder residue, later identified as cocaine.

### DEFENDANT'S EVIDENCE

Defendant testified in his own behalf that he was aware of dealings in controlled substances taking place outside his curb market. Defendant acknowledged that he knew Ledbetter, but denied any involvement in illicit drugs or in any drug dealings with Ledbetter. He did not sell cocaine to Ledbetter on 30 August 1979, or at any other time.

On cross-examination, defendant admitted knowing Dennis Alexander, from whom Ledbetter had testified he had bought drugs, but defendant denied that Alexander sold drugs for him. Defendant stated that he did not know whether Alexander had lived in a house owned by defendant. He admitted there were small plastic bags in his car when he was arrested, but denied there were larger bags containing white residue. Defendant stated that there were several schools near his market and that

students from those schools were regular customers at his market, but he did not know if any students participated in illegal transactions occurring at his curb market.

On rebuttal, the State presented evidence that tended to show that defendant's general reputation in the community in which he did business was that of a supplier of drugs.

*Attorney General Edmisten by Special Deputy Attorney General T. Buie Costen for the State.*

*E. L. Alston, Jr., for defendant appellant.*

CLARK, Judge.

Defendant presents over 100 exceptions to admitted evidence at trial which he argues was irrelevant and prejudicial. We group these assignments of error into evidence offered by State's witnesses, by defendant upon cross-examination, and by character witnesses in rebuttal by the State.

The exceptions to the evidence offered by the State raise the following question: Does the questioned evidence tend to prove any of the elements of the three offenses charged? Evidence is relevant if it has any logical tendency, however slight, to prove a fact in issue in the case. 1 Stansbury's, N.C. Evidence § 77 (Brandis Rev. 1973). In criminal cases, every circumstance calculated to throw any light on the crime charged is admissible. The weight to be given such evidence is for the jury to determine. *State v. Hamilton,* 264 N.C. 277, 141 S.E. 2d 506 (1965), *cert. denied,* 384 U.S. 1020, 16 L.Ed. 2d 1044, 86 S.Ct. 1936 (1966).

[1] Defendant's objections relate primarily to Ledbetter's testimony about his past drug experiences, his drug dealings with others, and past dealings with defendant. The crimes of conspiracy to sell drugs and sale of drugs necessarily involve the relationship between two or more persons, the conspirators and the buyer and seller. And the charge of possession with intent to sell involves guilty knowledge, which in drug cases ordinarily must be shown by circumstantial evidence indicating involvement in drug traffic. In light of these charges against the defendant we find it relevant for the State to offer evidence of Ledbetter's drug habit and his need to support that habit by dealing in drugs with

defendant, of the relationship between Ledbetter and defendant within a reasonable time before the date of the crimes charged, and their *modus operandi* in drug dealing.

[2] Defendant's argument of prejudicial error in the State's cross-examination of him relates chiefly to questions concerning defendant's connection with and use of other drug dealers, the presence of plastic bags in the car when defendant was arrested, and the proximity of schools to defendant's store. The scope of cross-examination of a criminal defendant is broad, may concern any subject which is relevant to the issues in the case; and, for impeachment purposes, specific bad acts may be brought out on cross-examination to show defendant's character, provided the questions are asked in good faith and are based on information. This wide scope of cross-examination is subject to the witness's privilege against self-incrimination and the discretion of the trial judge. The witness's answer is conclusive and cannot be contradicted by other testimony. *State v. McLean,* 294 N.C. 623, 242 S.E. 2d 814 (1978); 1 Stansbury's N.C. Evidence § 111 (Brandis Rev. 1973). The questions to which defendant objected concerned facts previously testified to by State's witnesses. Therefore, these questions were based upon sufficient information and asked in good faith.

[3] Defendant also assigns as error the reputation testimony given by Officer Williams in rebuttal. Although Williams was asked about defendant's general reputation in the community, he responded that defendant had a reputation as a supplier of drugs. The record does not reveal that after the objection was overruled, defendant made either a motion to strike or a request for an instruction to the jury to disregard the testimony. In the absence of such motion or request, defendant is not entitled to be heard to complain of error in the admission of testimony. *State v. Huggins,* 35 N.C. App. 597, 242 S.E. 2d 187, *cert. denied,* 295 N.C. 262, 245 S.E. 2d 779 (1978); *Highway Comm. v. Black,* 239 N.C. 198, 79 S.E. 2d 778 (1954).

[4] In his final argument defendant contends that there was a fatal variance between the indictments and the State's proof concerning the date the offense occurred. The sufficiency of the indictments is not challenged. Defendant's argument *is without merit* since Officers Samuels, Baulding, and Williams testified

that the $100 drug transaction occurred on 30 August 1979, the date charged in the indictments; and both Samuels and Ledbetter testified that the $50.00 and $100.00 buys occurred on the same day. Under the circumstances Ledbetter's uncertainty about the exact date did not constitute a variance between *allegata* and *probata.*

We conclude that the defendant had a fair trial free from prejudicial error, there being no "reasonable possibility that, had the error in question not been committed, a different result would have been reached. . . ." G.S. 15A-1443.

No error.

Chief Judge MORRIS and Judge WELLS concur.