STATE OF NORTH CAROLINA v. BRENDA HARDING

No. 9214SC84

(Filed 18 May 1993)

**1. Criminal Law § 253 (NCI4th)— denial of continuance—no abuse of discretion**

The trial court's denial of defendant's motion to continue did not constitute an abuse of discretion where defendant contended that the funeral of the man who had been her "common law husband" for 17 years was to take place on the afternoon of the day her trial was to begin on July 15; defendant made an oral motion to continue and presented no affidavits or testimony indicating that her ability to assist in her own defense would be inhibited due to the stress she suffered as a result of her friend's death; defendant did not show how denial of the motion prejudiced her in any way; and in fact the trial did not begin until July 16.

Am Jur 2d, Continuance §§ 5, 59; Criminal Law §§ 516, 839.

Continuance of criminal case because of illness of accused. 66 ALR2d 232.

**2. Evidence and Witnesses § 2803 (NCI4th)— leading witness— no abuse of discretion in overruling objection**

The trial court did not commit prejudicial error in overruling defendant's objection to the leading of a State's witness who was arrested with defendant and who testified concerning the location of the drug house which defendant allegedly ran, since other witnesses for the State had established the address of the house; there was confusion about the actual location of the house and the State's diagram of the area; but it was clear that all witnesses described the same house.

Am Jur 2d, Witnesses §§ 745, 752-756.

Cross-examination by leading questions of witness friendly to or biased in favor of cross-examiner. 38 ALR2d 952.

**3. Evidence and Witnesses § 362 (NCI4th)— evidence of drug use over 20-year period—limiting instruction—defendant not prejudiced**

In a prosecution of defendant for possession of heroin with intent to sell or deliver, trafficking, and conspiracy to

STATE v. HARDING

[110 N.C. App. 155 (1993)]

commit trafficking, the trial court did not commit plain error by admitting into evidence testimony by a witness tending to show defendant's long-term drug use over a twenty-year period, since defendant did not object to the testimony at the time it was given, but instead raised the issue at the jury instruction conference, and the trial court agreed to instruct the jury that the testimony could be considered only to show plan, scheme, or design.

Am Jur 2d, Evidence §§ 298 et seq.; Witnesses § 745.

Habit or routine practice evidence under Uniform Evidence Rule 406. 64 ALR4th 567.

4. **Criminal Law § 304 (NCI4th) — joinder of 15 charges — defendant not prejudiced**

The trial court did not err in joining for trial fifteen charges against defendant since the joinder of charges was not the product of arbitrary reasoning as the transactions were closely related in time and nature under the circumstances, and defendant failed to point to any tangible evidence of prejudice which resulted from the joinder.

Am Jur 2d, Actions §§ 104 et seq.; Criminal Law §§ 19-21.

Joinder of offenses under Federal Rules of Criminal Procedure 8(a). 39 ALR Fed 479.

5. **Evidence and Witnesses § 2214 (NCI4th) — identification of substance as heroin — random sampling by chemist — testimony as to whole exhibit admissible**

An expert chemist may give his opinion as to the whole when only part of the whole has been tested; therefore, a chemist could properly identify the contents of 165 bags as heroin in this prosecution of defendant for possession of heroin, trafficking, and conspiracy to traffic, though the chemist tested only a random sample of the bags.

Am Jur 2d, Evidence §§ 773, 776; Expert and Opinion Evidence § 298.

Admissibility of experimental evidence to determine chemical or physical qualities or character of material or substance. 76 ALR2d 354.

6. **Evidence and Witnesses § 1463 (NCI4th)— test for controlled substances—chain of custody of evidence**

The State properly established the chain of custody of evidence in this prosecution for possession of heroin, trafficking, and conspiracy to traffic.

**Am Jur 2d, Drugs, Narcotics, and Poisons §§ 44 et seq.**

7. **Criminal Law § 181 (NCI4th)— defendant not incapacitated by drugs during trial—motion for appropriate relief properly denied**

The trial court did not err in denying defendant's motion for appropriate relief on the ground that defendant was under the influence of a controlled substance throughout her trial since there was sufficient evidence in the record to support the trial court's findings that defendant was able to aid in the preparation of her defense, understand the proceedings against her, and cooperate with counsel; there was no reasonable probability of a different result had defendant not used drugs during the trial because her mental capacity was not so affected as to hinder her ability to understand the proceedings; and defendant was not subject to double jeopardy or any other violation of state or federal constitutional rights.

**Am Jur 2d, Criminal Law § 99.**

**Propriety of criminal trial of one under influence of drugs or intoxicants at time of trial. 83 ALR2d 1067.**

Appeal by defendant from judgment entered 15 August 1991 and order entered 11 September 1991 by Judge J. Milton Read, Jr., in Durham County Superior Court. Heard in the Court of Appeals 12 February 1993.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Victoria L. Voight, for the State.*

*James N. McNaull for defendant appellant.*

COZORT, Judge.

Defendant was convicted of possession of heroin with intent to sell or deliver, trafficking by unlawfully possessing 14 or more but less than 28 grams of heroin, and conspiracy to commit trafficking by possession of 14 or more but less than 28 grams of heroin.

The trial court arrested judgment on the offense of possession of heroin with intent to sell or deliver and ordered the defendant to serve a term of 18 years in prison. On appeal, defendant assigns as error various rulings made by the trial court prior to, during, and subsequent to the trial proceedings. We find the defendant received a fair trial free from prejudicial error.

Defendant Brenda Harding was indicted on several charges for the possession of, trafficking in, and conspiracy to traffic in heroin. Following several continuances by the State, defendant's trial was scheduled for 15 July 1991. On 15 July, defendant made a motion to continue. The trial court denied the motion and proceeded with the case. The State moved to consolidate all the charges against defendant; the motion for joinder was allowed.

The State's evidence presented at trial included testimony of codefendants who had been indicted on similar narcotics charges and of police officers who had observed defendant "running the show" at a drug house at 1317 Gillette Street in Durham, North Carolina. Defendant made a motion to dismiss all charges at the close of State's evidence. The trial court granted the defendant's motion as to one count of possession of drug paraphernalia; the other charges remained. Defendant then moved for a mistrial based upon the complexity of the charges as drawn; this motion was also denied.

The jury returned a verdict on 18 July 1991 finding defendant guilty of possession of heroin with intent to sell or deliver, trafficking by possessing 14 or more but less than 28 grams of heroin, and conspiracy to commit trafficking by possession of 14 or more but less than 28 grams of heroin. Defendant made a motion for judgment notwithstanding the verdict based upon the insufficiency of the evidence. The motion was denied.

On 24 July 1991, defendant filed a motion to continue the sentencing hearing pending receipt of certain urine and blood tests which defendant had taken on 18 July. Defendant's motion was allowed. On 29 July 1991, defendant moved for a new trial, which motion was later converted to a motion for appropriate relief. Defendant alleged that she was under the influence of drugs during the trial and was incapable of effectively assisting counsel in presenting her defense. Defendant furthermore claimed the charges subjected her to double jeopardy. The trial court denied defendant's motion for a new trial and for appropriate relief.

[1] Defendant's first argument on appeal addresses the trial court's denial of her motion to continue the trial. Defendant made a motion to continue the trial on 15 July 1991. The request was based on the fact that defendant's "common law husband," with whom she had lived for seventeen years, had died on 12 July. Funeral services for defendant's alleged common law husband were scheduled for the afternoon of 15 July. Defendant contends that, under the circumstances, forcing her to go forward with the trial abridged her constitutional rights because her ability and capacity to assist in her own defense was "greatly reduced."

A motion for a continuance is ordinarily left to the sound discretion of the trial judge whose ruling thereon is not subject to review absent an abuse of discretion. *State v. Branch*, 306 N.C. 101, 104, 291 S.E.2d 653, 656 (1982). Even where a motion raises a constitutional question, its denial is grounds for a new trial "only upon a showing by the defendant that the denial was erroneous and also that his case was prejudiced as a result of the error." *State v. Pickard*, 107 N.C. App. 94, 100, 418 S.E.2d 690, 693 (1992) (citing *Branch*, 306 N.C. at 104, 291 S.E.2d at 656 (1982)). A trial judge should deny a motion for a continuance unless the reasons for delaying the trial are fully established. *State v. Horner*, 310 N.C. 274, 277, 311 S.E.2d 281, 284 (1984). Therefore, an affidavit showing sufficient grounds should be filed in support of such a motion. *Id.*

Defendant made an oral motion to continue the trial and presented no affidavits or testimony indicating that her ability to assist in her own defense would be inhibited due to the stress she suffered as a result of her friend's death. Furthermore, defendant has not explained how the denial of the motion to continue prejudiced her in any way. In fact, it appears from the record the trial did not actually begin until 16 July. Accordingly, the trial court's denial of defendant's motion to continue the proceedings did not constitute an abuse of discretion.

[2] Next, defendant claims the trial court erred in permitting the State to question a witness concerning the location of the drug house on Gillette Street in Durham. Defendant's assignment of error contests the manner of questioning which the State employed while examining State's witness Jethro Hopkins about the location of the house at 1317 Gillette Street. Mr. Hopkins, who had been arrested with the defendant, testified as to the location of the

drug house. The State utilized a diagram to illustrate where the drug house was located. Hopkins testified that the house where the drugs were sold was "the first house right after you pass the church. That's where the drugs were sold, right in there." It is apparent from the record that the first house after the church on the diagram was 1315, not 1317 Gillette Street. The Assistant District Attorney attempted to clarify the location and address of the particular house where the drugs were sold by pointing out to Hopkins that he was confused. The defense objected due to the leading nature of the questions; the objection was overruled. Defendant claims the overruling of the objection constituted prejudicial error, since Hopkins may have called into question the testimony of previous State's witnesses.

As a general rule, leading questions are not permitted on direct examination. An exception to the rule exists, however, where the question is posed to elicit preliminary or introductory information or where the question is asked for testimony already received without objection. *State v. Young*, 312 N.C. 669, 678, 325 S.E.2d 181, 187 (1985). Leading questions asked by the State to a State's witness which directed the witness's attention to the subject matter at hand without suggesting an answer are permissible. *State v. Mosley*, 33 N.C. App. 337, 339, 235 S.E.2d 261, 263, *cert. denied*, 293 N.C. 162, 236 S.E.2d 706 (1977). Here, the record reveals that other witnesses for the State had established the address of the house where the drugs were being sold as 1317 Gillette Street prior to Hopkins' taking the stand. Despite confusion over the actual location of the house and the accuracy of the State's diagram, it is clear the witnesses described the same house. The trial court did not commit prejudicial error in overruling the defendant's objection as to the leading of State's witness Hopkins.

[3] Defendant further contends the trial court committed plain error by admitting into evidence testimony by Hopkins tending to show defendant's long-term drug use over a twenty-year period. Hopkins, replying to the State's questions concerning how he knew defendant, stated he had known her "for about twenty-something years"; that he knew her "in and out of drug houses," that she bought drugs from him, and that she had been selling drugs for about seven or eight years. Defendant did not object to the testimony at the time it was given; she raised the issue at the jury instruction conference. The trial court agreed to instruct the jury that the testimony could be considered only to show plan, scheme, or design.

Defendant now complains that Hopkins' testimony "was extremely remote in time, it's [sic] probative value, if any, was heavily outweighed by it's [sic] prejudicial effect, and it could not be fairly viewed as falling under the 404(b) exception." Due to defendant's failure to object at trial, we must review this objection under the plain error rule. Under the plain error rule, a new trial will be granted for an error to which no objection was raised at trial only if a defendant meets the heavy burden of convincing the reviewing court that the jury would have returned a different verdict but for the error. *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983).

We find no plain error in admitting this testimony, especially in light of *State v. Richardson*, 36 N.C. App. 373, 375, 243 S.E.2d 918, 919 (1978), which stated, "[i]n drug cases, evidence of other drug violations is relevant and admissible if it tends to show plan or scheme, disposition to deal in illicit drugs, knowledge of the presence and character of the drug, or presence at and possession of the premises where the drugs are found." Such evidence is particularly relevant where the crimes charged involve conspiracy to sell drugs, which involve a connection between two or more persons, and possession with intent to sell, which involves guilty knowledge. *State v. Shaw*, 53 N.C. App. 772, 774-75, 281 S.E.2d 702, 704, *cert. denied*, 304 N.C. 590, 289 S.E.2d 565 (1981). Here, defendant received a limiting instruction despite her failure to object at the appropriate time to Hopkins' testimony. Because the jury was cognizant of the limited purpose of Hopkins' testimony, there is no plain error.

[4] . Defendant's next argument challenges the trial court's joinder of the several charges against defendant for trial. Defendant claims the consolidation of the numerous indictments against her had the potential for confusing the jury and destroying the presumption of innocence to which she was entitled. The trial judge admitted the cases which had been joined together for. trial amounted to an "unbelievably complicated spider web to all these allegations here and different indictments . . . ." The court also complained that "[t]he State has just made the matter tremendously complicated for the jury and certainly for the court to try to understand what the State is after here." Defendant submits that the complexity of the allegations and joinder of almost 15 separate indictments prejudiced her.

N.C. Gen. Stat. § 15A-926(a) (1988) states: "Two or more of-fenses may be joined in one pleading or for trial when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together constituting parts of a single scheme or plan." A trial court's decision to consolidate or sever charges is discretionary and will not be overturned absent a display of an abuse of discre-tion; a trial court may be reversed for an abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the product of a reasoned decision. *State v. Hayes*, 314 N.C. 460, 471, 334 S.E.2d 741, 747 (1985), *rev'd on other grounds*, 323 N.C. 306, 372 S.E.2d 704 (1988). When reviewing the joinder of several offenses, we must determine whether the offenses are so separate in time and so distinct in circumstances as to render a consolidation unjust and prejudicial to the defendant. *State v. Green*, 294 N.C. 418, 423, 241 S.E.2d 662, 665 (1978). We have carefully examined the record and conclude that the joinder of the charges was not the product of arbitrary reasoning, since the transactions were closely related in time and nature under the circumstances. Additionally, defendant has failed to point to any tangible evidence of prejudice which resulted from the joinder.

Turning to the next issue, defendant questions the trial court's denial of her motion to dismiss based on the insufficiency of the evidence made at the close of State's evidence and made again following the verdict. The standard for ruling on a motion to dismiss is "whether there is substantial evidence (1) of each essential ele-ment of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). The reviewing court must consider all the evidence taken in the light most favorable to the State to determine whether there is substantial evidence of that crime charged and that defend-ant committed the crime. *State v. Perry*, 318 N.C. 102, 108, 347 S.E.2d 396, 399 (1986). Substantial evidence consists of "such rele-vant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). The test for sufficiency of the evidence is the same regardless of whether the evidence is circumstantial or direct. *State v. Earnhardt*, 307 N.C. 62, 68, 296 S.E.2d 649, 653 (1982).

Defendant contends the State failed to prove beyond a reasonable doubt each and every element of the offenses charged. Specifically, defendant argues that the State did not prove that

STATE v. HARDING

[110 N.C. App. 155 (1993)]

the drugs identified at trial weighed more than 14 grams. Defendant asserts additionally that the State failed to identify conclusively the contents of the 140 plastic bags comprising exhibit 2-J and the contents of the 25 plastic bags comprising exhibit 2-E. Defendant questions the testimony of Ms. Linda A. Farren, a chemist employed by the State Bureau of Investigation (SBI). Defendant contends that Ms. Farren's testimony as to the weight and composition of the combined 140 packets and 25 packets, respectively, was not admissible because she did not conduct a comprehensive chemical analysis of every packet. Defendant also disputes the chain of custody established as to the exhibits. Defendant's arguments are without merit.

[5] In *State v. Perry*, 316 N.C. 87, 340 S.E.2d 450 (1986), our Supreme Court held that the chemist's testimony as to the various methods of examination of small portions of 390 separate glassine packets of heroin was sufficient evidence to raise an inference that defendant was guilty of trafficking. Similarly, in *State v. Hayes*, 291 N.C. 293, 230 S.E.2d 146 (1976), the Court held there was sufficient evidence to go to the jury on the issue of whether all 19 envelopes in defendant's possession contained marijuana even though the chemist had only performed a chemical analysis on 5 of the 19 envelopes. Therefore, the rule is well established that an expert chemist may give his opinion as to the whole when only part of the whole has been tested.

Here, of the 140 packets, Ms. Farren randomly performed color tests on 6 packets and conducted a microcrystalline test on 5 other randomly selected bags. She determined the bags contained the same material. She then combined the contents of the bags to obtain a total weight of 12.8 grams, mixed the powder to obtain a homogeneous mixture, obtained an infrared spectra of the mixture, and performed a base extract. Farren performed a similar procedure of random testing and combined testing with respect to the 25 packets. Farren's expert testimony concerning the heroin was admissible into evidence.

[6] Furthermore, the State properly established the chain of custody of the evidence. A two-prong test must be met before real evidence is properly received into evidence. First, the item offered into evidence must be authenticated as the same object involved in the incident; and second, it must be demonstrated that the object has not undergone a material change. *State v. Campbell*, 311 N.C.

386, 388-89, 317 S.E.2d 391, 392 (1984). A detailed chain of custody need be established only when the evidence cannot be readily identified, or is susceptible to alteration, and there is cause to believe the item may have been in fact altered. *Id.* We have reviewed defendant's complaint with regard to the custody of the materials mailed to the SBI laboratory and find that a sufficient chain of custody was established. Accordingly, we conclude the trial court did not err by denying defendant's motions to dismiss for insufficiency of the evidence.

The defendant alleges additionally that the trial court erred by failing to declare a mistrial based on the grounds that (1) the charges were confusing to the jury because they overlapped; (2) the trial court allowed the Assistant District Attorney to lead in his examination of witness Hopkins; (3) the trial court permitted Hopkins to testify as to bad acts which were remote in time; and (4) the trial court allowed into evidence the real evidence of the drugs after the packages had been combined for weight and testing.

A motion for a mistrial must be granted if an incident occurs of such a nature that a fair and impartial trial would be impossible under the law. N.C. Gen. Stat. § 15A-1061 (1988); *State v. McCraw*, 300 N.C. 610, 620, 268 S.E.2d 173, 179 (1980). Whether a motion for a mistrial should be granted is a matter which rests in the sound discretion of the trial judge. *State v. Calloway*, 305 N.C. 747, 754, 291 S.E.2d 622, 627 (1982). Absent a showing of abuse of discretion, the decision of the trial court will not be disturbed on appeal. *State v. Mills*, 39 N.C. App. 47, 50, 249 S.E.2d 446, 448 (1978), *cert. denied*, 296 N.C. 588, 254 S.E.2d 33 (1979). The grounds advanced by defendant to support her motion for a mistrial are identical to those used by defendant as a basis for her motions to dismiss. Having once again reviewed these grounds, we find no abuse of discretion in the trial court's decision to deny defendant's motion for a mistrial.

[7]  Finally, defendant argues the trial court erred in denying her motion for appropriate relief on the grounds that defendant was under the influence of a controlled substance throughout her trial. Upon incarceration following the verdict on 18 July, defendant began exhibiting possible signs of drug withdrawal. Defendant's sentencing hearing was continued twice pursuant to her motion in anticipation of the results of a drug test defendant took the night she was taken into custody. Defendant then filed a motion

for a new trial on 29 July 1991, which the trial court treated as a motion for appropriate relief pursuant to N.C. Gen. Stat. § 15A-1411 et seq. Defendant filed her own affidavit, her attorney's affidavit, and a memorandum of law in support of the motion. Defendant presented no medical evidence as to competency. In compliance with N.C. Gen. Stat. § 15A-1002(b)(3), a hearing was held on the matter on 1 August 1991. The trial court took the matter under advisement, and on 16 August 1991, entered an order in open court denying defendant's motion for appropriate relief. The trial court then sentenced defendant to serve eighteen years in prison. The trial court filed a written order on 11 September 1991 which included findings of fact and conclusions of law addressing the denial of the motion for appropriate relief.

On reviewing orders entered on motions for appropriate relief, the findings of fact are binding if they are supported by any competent evidence, and the trial court's ruling on the facts may be disturbed only when there has been a manifest abuse of discretion, or when it is based on an error of law. *State v. Pait*, 81 N.C. App. 286, 288-89, 343 S.E.2d 573, 575 (1986).

Defendant claims her constitutional rights of due process and confrontation were violated because she was under the influence of drugs during the trial.

N.C. Gen. Stat. § 15A-1001(a) (1988) provides:

(a) No person may be tried, convicted, sentenced, or punished for a crime when by reason of mental illness or defect he is unable to understand the nature and object of the proceedings against him, to comprehend his own situation in reference to the proceedings, or to assist in his defense in a rational or reasonable manner. This condition is hereinafter referred to as "incapacity to proceed."

Defendant contends drug usage during trial caused her to be incompetent to stand trial, since she was unable to properly participate in her defense and to understand the nature of the proceedings against her. It is undisputed that defendant in fact used drugs around the time of the trial, since laboratory test results indicated positive use of opiates and cocaine.

The trial court's written order included in part the following findings of fact:

(2) That the trial began on July 16, 1991. The defendant was present throughout the trial proceedings. The court observed the defendant conferring with her attorney at various times prior to trial, during jury selection, during trial and at recess;

(3) That the undersigned Judge noticed nothing unusual about the defendant during any of these proceedings. She did appear to sleep some in the courtroom during jury deliberations but the Court has observed other defendants doing this in the past;

(4) That on one occasion the defendant was late arriving to court and was admonished by the undersigned and thereafter her presence was prompt;

\* \* \* \*

(7) That the defendant did not exhibit to the undersigned judge any signs during trial of being under the influence of any controlled substance. At no time did defense counsel suspect drug usage during trial. Defense counsel never said anything about his client's condition to the undersigned during trial;

\* \* \* \*

(10) That defendant voluntarily used one or more controlled substances before and/or after trial but at all times during trial the defendant was able to aid in preparation and conduct of her defense. The undersigned does not find as a fact that the defendant used as many drugs at the time of her trial as contended by defense. The undersigned, as previously found herein, was in a position to see, hear and observe this defendant and counsel throughout most of the trial. At no time did she appear to the Court to be under the influence of any drugs;

(11) That the defendant knew she "couldn't run because her father-in-law put up her property bond" and that it would be forfeited if she failed to show for the court proceedings. The defendant plead [sic] not guilty. She considered the plea offers. She did not use drugs during her court trial, only after and before. During the trial she discussed plea negotiations with her lawyer, elected not to testify, discussed with her lawyer whether or not to call witnesses and rejected some;

defense counsel spent one hundred twenty-four (124) hours of his time representing the defendant over a period of two years;

(12) That there is no believable evidence before the Court to show that the influence of any drugs on this defendant was sufficient to destroy her mental competency during trial. To the contrary, it does not appear to the undersigned that the defendant's mental capacity was so affected by drugs or alcohol that she could not understand the nature of the proceedings or intelligently assist in the preparation of her defense. At all times she had the capacity to comprehend her position, to understand the nature and object of the proceedings against her, to conduct her defense in a rational manner and to cooperate with her counsel to the end that available defenses could be interposed;

* * * *

(15) That the defendant was not under the influence of any impairing drugs to such a degree that she was incapable of effectively assisting counsel in her own defense, or incapable of making vital decisions such as to accept or reject plea offers or to take or not take the stand; . . .

Based on the above findings of fact, the trial court entered the following conclusions of law:

(1) That the defendant at all times during trial was able to aid in the preparation and conduct of her defense and that she had the capacity to comprehend her position, to understand the nature and object of the proceedings against her, to conduct her defense in a rational manner and to cooperate with her counsel to the end that any available defense could be imposed on her behalf;

(2) That there was no reasonable probability of a different result had the defendant not used drugs during the period of time of her trial and had testified; that her mental capacity was not so affected by drugs that she could not understand the nature of the proceedings or intelligently assist in the presentation of her defense; and

(3) That she has not been subject to any double jeopardy; and that none of the defendant's statutory or constitutional

rights, State or Federal, have been violated in the trial of her cases.

Defendant contends there is no competent evidence to support that portion of finding of fact #11 which states that defendant "did not use drugs during her court trial, only after and before." Drug test results detected the presence of opiates and cocaine in defendant's body on 18 July 1991; the test did not indicate when the drugs were consumed. Defendant's affidavit stated that she used both cocaine and heroin on each day of the trial except for 18 July. We do not find that the trial court's error in finding that the defendant used drugs only prior to and following the trial is dispositive of this issue.

In *State v. Shytle*, 323 N.C. 684, 689, 374 S.E.2d 573, 575 (1989), our Supreme Court stated:

[A] defendant does not have to be at the highest stage of mental alertness to be competent to be tried. So long as a defendant can confer with his or her attorney so that the attorney may interpose any available defenses for him or her, the defendant is able to assist his or her defense in a rational manner. It is the attorney who must make the subtle distinctions as to the trial.

There is competent evidence in the record to support the trial court's remaining findings of fact and its conclusions of law that (1) defendant was able to aid in the preparation of her defense, to understand the nature and object of the proceedings against her and to cooperate with counsel; (2) there was no reasonable probability of a different result had the defendant not used drugs during the time of her trial because her mental capacity was not so affected as to hinder her ability to understand the proceedings; and (3) she has not been subject to double jeopardy or any other violation of state or federal constitutional rights. Defendant's voluntary use of drugs during her trial will not warrant the order of a new trial where the record otherwise shows her to have been competent. Consequently, defendant's motion for appropriate relief was properly denied.

We have reviewed the remaining assignments of error and find them to have no merit.

In the defendant's trial, we find no error. We affirm the trial court's denial of defendant's motion for appropriate relief.

Judges EAGLES and WYNN concur.