STATE v. MOOSE

[115 N.C. App. 707 (1994)]

No. 9318SC455

(Filed 2 August 1994)

**Evidence and Witnesses § 1788 (NCI4th)— polygraph evidence excluded—prosecutor's subsequent mention of polygraph—reversible error**

The trial court abused its discretion in denying defendant's motion for a mistrial where the assistant district attorney was twice clearly warned by the judge and instructed not to bring up the matter of defendant's having been offered a polygraph examination; the assistant district attorney indicated that he understood; immediately after the initial discussion of the polygraph, the court ruled that it would "sustain defendant's motion at this time"; the prosecutor subsequently asked a prosecution witness if defendant had been offered a polygraph examination; and

STATE v. MOOSE

[115 N.C. App. 707 (1994)]

because the judge had sustained defendant's motion, the prosecutor's mention of the polygraph constituted reversible error.

**Am Jur 2d, Appeal and Error §§ 797-803.**

Judge ORR dissenting.

Appeal by defendant from judgment entered 14 January 1993 by Judge William Z. Wood, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 5 January 1994.

*Attorney General Michael F. Easley, by Assistant Attorney General David Gordon, for the State.*

*Assistant Public Defenders Frederick G. Lind and Richard S. Boulden for defendant-appellant.*

LEWIS, Judge.

Defendant was indicted, tried and convicted on two counts of felonious incest, two counts of first degree statutory rape, and two counts of taking indecent liberties with a child. He was sentenced to serve two consecutive life terms. From these judgments, defendant appeals.

The indictments arise from acts charged against defendant on two occasions involving defendant's thirteen-year-old stepdaughter. The stepdaughter testified at trial that defendant on both occasions had sexual relations with her. This testimony was corroborated by others to whom the child gave the information. There was also evidence that defendant had involved her in sexual activities for several years.

Before the beginning of trial, defendant moved to exclude any mention of "any polygraph or talk of a polygraph, because at one time there was talk of Mr. Moose taking a polygraph, but it was not administered." The following exchange took place during the hearing on the defendant's motion:

THE COURT: Mr. Carroll [the district attorney], do you want to introduce any evidence about any polygraphs?

MR. CARROLL: Well, under case law, your Honor, I think whether or not he was offered a polygraph would be admissible.

MR. LIND [the defense attorney]: We would object to that, whether he was offered a polygraph. We would say that's not relevant in the case, and we would strenuously object to that, because that's not even—a polygraph would not be admissible in evidence.

THE COURT: Mr. Carroll, if you get near any polygraph mentions, let me know, and we'll do an *in camera* hearing, and I'll rule on it at that time. It could conceivably be admissible, but the chance of prejudice is so great.

MR. CARROLL: I understand.

THE COURT: Warn me before you get to that point.

Thereafter the trial began and on re-direct examination of a prosecution witness, Mr. Carroll asked three questions regarding the prosecuting witness' statements to police and whether or not they were false. The witness answered that she saw no reason to believe the child had falsely reported sexual abuse. The district attorney then asked the following questions:

Q. During the course of the interview, was he offered a polygraph examination?

MR. LIND: Objection. Move to strike.

THE COURT: Sustained.

MR. LIND: Motion for mistrial.

THE COURT: Denied. Motion to strike is allowed. Ladies and gentlemen, disregard anything about any mention of that last question. Go ahead.

No answer was recorded as being given from the witness. The judge refused to grant a mistrial, and defendant urges reversal on the basis that this was an abuse of the judge's discretion. We agree.

It is clear that the law of this state does not mandate reversal upon the mere mention of a polygraph. *State v. Willis*, 109 N.C. App. 184, 426 S.E.2d 471, *disc. review denied*, 333 N.C. 795, 431 S.E.2d 29 (1993). However, here the Assistant District Attorney was twice clearly warned by the judge and instructed not to bring it up without having first consulted the judge and he indicated that he understood. We find the district attorney's subsequent actions to be inexcusable. Certainly all would agree that such a deliberately offensive act would provide grounds for sanctions by the trial judge. Furthermore, imme-

diately after their initial discussion of the polygraph, the court ruled that it would sustain defendant's motion "at this time." Because the judge had sustained defendant's motion, we find that the district attorney's mention of the polygraph constituted reversible error. We conclude that the trial judge abused his discretion in denying the motion for a mistrial. Other matters asserted as issues in this case may not recur on retrial.

Reversed. New trial.

Judge JOHN concurs.

Judge ORR dissents.

Judge ORR dissenting.

Because I disagree with the majority's holding that the trial judge abused his discretion by denying defendant's motion for mistrial, I respectfully dissent.

The State urges us to find that the trial court did not abuse its discretion, correctly stating that "[w]hether a motion for mistrial should be granted is a matter addressed to the sound discretion of the trial judge. A mistrial is appropriate only when there are such serious improprieties as would make it impossible to attain a fair and impartial verdict." *State v. Harris*, 323 N.C. 112, 125, 371 S.E.2d 689, 697 (1988).

The defendant, on the other hand, bases his argument in large part on the fact that the actions of the prosecutor were in direct violation of the court's order. While such a deliberate act is inexcusable and certainly would provide grounds for appropriate sanctions by the trial judge to the offending attorney, this Court should base its decision on whether the impropriety of the question made it impossible for the defendant to attain a fair and impartial verdict. The mere mention of an offer of polygraph testing does not necessarily require granting a mistrial. "A motion for a mistrial must be granted if an incident occurs of such a nature that a fair and impartial trial would be impossible under the law." *State v. Harding*, 110 N.C. App. 155, 164, 429 S.E.2d 416, 422 (1993). "Absent a showing of abuse of discretion, the decision of the trial court will not be disturbed on appeal." *Id.* Under the facts of this case, I find that the defendant received a fair

and impartial trial in spite of the district attorney's mention.,of the offer of a polygraph.

Therefore, I would hold that there was no abuse of discretion in denying the motion for a mistrial.