NO. COA14-402

NORTH CAROLINA COURT OF APPEALS

Filed: 21 October 2014

STATE OF NORTH CAROLINA

    v.

MALIK JAQUEZ WALTON,
    Defendant.

Johnston County
No. 11CRS052914

Appeal by defendant from judgments entered 10 July 2013 and 30 July 2013 by Judge Thomas H. Lock in Superior Court, Johnston County. Heard in the Court of Appeals 9 September 2014.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General William V. Conley, for the State.*

*Mark Montgomery, for defendant-appellant.*

STROUD, Judge.

Defendant appeals judgments convicting him of first degree sexual offense and second degree kidnapping. For the following reasons, we find no error.

I. Background

The State's evidence tended to show that in May of 2011, Stacy[1] was in a bedroom with defendant and her fifteen-month old son. Defendant was the father of Stacy's son. Defendant

---

[1] A pseudonym will be used to protect the identity of those involved.

slapped Stacy and began repeatedly choking her and threatened to kill her as he held a knife to her neck. Defendant then put both his fingers and his penis in Stacy's vagina and her anus. Defendant was indicted for second degree rape, first degree kidnapping, and first degree sexual offense. Defendant was tried by a jury, and the jury found him guilty of second degree kidnapping and first degree sexual offense. The trial court entered judgments accordingly. Defendant appeals.

## II. Medical History Testimony

Defendant first contends that "the trial court committed plain error in allowing two medical witnesses to testify that [Stacy]'s history was consistent with sexual assault." (Original in all caps.) Defendant argues that "Emergency Room Nurse Tonia Nowak testified that [Stacy]'s injuries were consistent with her history. . . . Emergency Room Physician Dr. Brendan Berry testified that [Stacy]'s demeanor, history and examination, was 'consistent with the sexual assault that she described.' . . . This was reversible error." As defendant did not object to the testimony, he now asks that we review his contentions for plain error. *See State v. Harding*, 110 N.C. App. 155, 161, 429 S.E.2d 416, 420 (1993) ("Due to defendant's

failure to object at trial, we must review this objection under the plain error rule.")

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affects the fairness, integrity or public reputation of judicial proceedings.

*State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citations, quotation marks, and brackets omitted). Furthermore, our Supreme Court has established that "[a] prerequisite to our engaging in a plain error analysis is the determination that the instruction complained of constitutes error at all." *State v. Torain*, 316 N.C. 111, 116, 340 S.E.2d 465, 468, (quotation marks omitted), *cert. denied*, 479 U.S. 836, 93 L.Ed. 2d 77 (1986).

Here, both Nurse Nowak and Dr. Berry testified as expert witnesses. "An expert witness may not testify as to the credibility of a witness. Nonetheless, an expert witness may testify, upon a proper foundation, as to . . . whether a particular complainant has symptoms or characteristics consistent therewith." *State v. Khouri*, 214 N.C. App. 389, 401,

716 S.E.2d 1, 9-10 (2011) (citations and quotation marks omitted), *disc. review denied*, 365 N.C. 546, 742 S.E.2d 176 (2012). Here, even by defendant's own summary in his brief, the expert witnesses testified that the *physical evidence* they observed was consistent with Stacy's allegations of abuse; the witnesses did not state that Stacy's allegations were credible. Defendant directs this Court to *State v. Frady*, but in that case the testifying witness had not examined the individual alleging sexual abuse, but here both Dr. Brown and Nurse Nowak examined Stacy and testified regarding the examination; accordingly, *Frady* is not applicable. *See State v. Frady*, ___ N.C. App. ___, ___, 747 S.E.2d 164, 167 ("It is well settled that expert opinion testimony is not admissible to establish the credibility of the victim as a witness. However, those cases in which the disputed testimony concerns the credibility of a witness's accusation of a defendant must be distinguished from cases in which the expert's testimony relates to a diagnosis based on the expert's examination of the witness. With respect to expert testimony in child sexual abuse prosecutions, our Supreme Court has approved, upon a proper foundation, the admission of expert testimony with respect to the characteristics of sexually abused children and whether the particular complainant has symptoms

consistent with those characteristics. In order for an expert medical witness to render an opinion that a child has, in fact, been sexually abused, the State must establish a proper foundation, i.e. physical evidence consistent with sexual abuse." (citations, quotation marks, and brackets omitted)), *disc. review denied*, 367 N.C. 273, 752 S.E.2d 465 (2013). This argument is overruled.

### III. Trial Court's Instructions

Defendant next contends that "the trial court erred or committed plain error in identifying . . . [Stacy] as a 'victim.'" (Original in all caps.) Defendant did not object to the jury instructions, so we review for plain error. *See Harding*, 110 N.C. App. at 161, 429 S.E.2d at 420. This Court has previously determined that use of the word 'victim' by the trial court is generally not plain error, *see State v. Surratt*, 218 N.C. App. 308, 309-10, 721 S.E.2d 255, 256, *disc. review denied*, 365 N.C. 559, 722 S.E.2d 600 (2012). We agree that in a case where there is a jury question as to whether an act is actually a criminal offense or as to whether the alleged act actually happened to the complaining witness, there is technically a question of whether there was a "victim." *See State v. Walston*, ___ N.C. App. ___, ___, 747 S.E.2d 720, 727 (2013) ("The issue

of whether sexual offenses occurred and whether E.C. and J.C. were 'victims' were issues of fact for the jury to decide."), *disc. review denied*, 367 N.C. 290, 753 S.E.2d 666 (2014). Black's Law Dictionary defines "victim" as "[a] person harmed by a crime, tort, or other wrong." Black's Law Dictionary 1703 (9th ed. 2009). So use of the word "victim," both in denotation and connotation, means that the complaining witness was "harmed by a crime, tort, or other wrong." *Id.*

But in this case, defendant did not object to use of the term "victim." Stacy testified that defendant choked her, threatened to kill her as he held a knife to her neck, and then inserted both his fingers and penis into her vagina and anus. In addition, the physical evidence of Stacy's injuries corroborated her testimony. We cannot determine that the jury might reasonably have reached a different verdict if the reference to "victim" in the jury instructions had not occurred, so we do not find plain error. *See Lawrence*, 365 N.C. at 518, 723 S.E.2d at 334.

## IV. Conclusion

For the foregoing reasons, we find no error.

NO ERROR.

Judges MCGEE and BRYANT concur.