STATE v. DONALD BENFIELD.

(Filed 17 March, 1965.)

**1. Criminal Law § 149—**

An "appeal" docketed in apt time after adjudication at a post conviction hearing will be treated as a *certiorari.*

**2. Criminal Law § 23—**

Where it appears at a post conviction hearing that during the course of the trial the court informed defendant's counsel that the court was of the opinion that the jury was going to convict and, if the jury did so, the court felt inclined to give a long sentence, that defendant was informed of the statement of the court, and that defendant knew that his companion in the commission of the offenses, when awarded a new trial, was given a suspended sentence, and that defendant thereupon changed his plea of not guilty to guilty, *held* the circumstances disclose that the plea of guilty was not voluntarily made, and a new trial must be awarded.

APPEAL by defendant from *Campbell, J.,* November 30, 1964 Session of GASTON.

In April 1960, defendant was placed on trial on three bills charging armed robbery, a felony, G.S. 14-87. He was not represented by counsel. The charges were consolidated for trial. The jury returned a verdict of guilty on each charge. A prison sentence of not less than 15 nor more than 20 years was imposed.

Defendant, in 1963, filed a petition, as permitted by Art. 22, c. 15 of the General Statutes, asserting a denial of his constitutional rights when he was tried in 1960. On December 9, 1963, the Superior Court of

Gaston County heard evidence, made findings, and concluded that defendant's constitutional rights were not protected at the 1960 trial. Defendant was awarded a new trial, and counsel was appointed to represent him at the trial thereafter to be had.

The trial, ordered in December 1963, was had in February 1964. Defendant again pleaded not guilty. After the jury was impaneled, and while the State was offering evidence, defendant requested permission to withdraw his plea of not guilty. He then tendered a plea of guilty. The plea was accepted. The court thereupon imposed a prison sentence of not less than 10 nor more than 15 years.

In the Fall of 1964, defendant filed a petition attacking the validity of the trial had in February 1964. He alleged, as a ground to vacate the judgment of imprisonment then imposed, that his plea of guilty was not in fact free and voluntary, but was made under duress; that his companion in the alleged robberies was, when granted a new trial, given a suspended sentence; when he entered his plea of guilty in February, 1964, he understood that he would likewise be given a suspended sentence, but that if he did not so plead, a lengthy prison sentence would be imposed.

Judge Campbell, presiding over the courts of Gaston County, heard evidence. He concluded defendant's plea of "guilty" was freely made. On December 9, 1964, he entered an order denying relief. Defendant gave notice of appeal. By an order entered January 10, 1965, defendant was allowed to appeal as a pauper.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*Robert E. Gaines for defendant appellant.*

PER CURIAM. Defendant was represented in both the hearing below and now by counsel other than the attorney who represented him in February 1964. The record and "appeal" were docketed here on January 26, 1965, less than 60 days from the rendition of the judgment denying defendant relief. We treat the "appeal" as an application for a writ of *certiorari*. The application is granted.

Judge Campbell denied defendant's prayer for a new trial on these findings: The case was regularly called for trial in February 1964. Defendant entered pleas of not guilty. A jury was impaneled. During the course of the trial, the presiding judge had a conference with the solicitor and counsel for defendant, at which time the judge informed defendant's counsel that "he (the judge) was of the opinion that the jury was going to convict the defendant, and, if so, he felt inclined to give him a long sentence, and gave counsel an opportunity to confer

with defendant." The statements made by the judge during the conference were communicated to defendant. The judge did not promise to suspend sentence if a plea of guilty was entered. When defendant was informed of the statements made by the presiding judge at the conference between the solicitor and defendant's counsel, defendant withdrew his plea of not guilty, and tendered a plea of guilty. This plea was accepted. The court then, in open court, inquired whether defendant's plea of guilty was freely and voluntarily made, explaining to defendant that the court could impose sentences providing for imprisonment for a total of 90 years. Hearing this explanation from the court, the defendant stated that his plea of guilty was freely made.

The fact that defendant's companion in the robberies was, when awarded a new trial, given a suspended sentence is not controverted. That fact was known to defendant. It is simply an element which must be taken into consideration in determining whether in fact the plea of guilty was freely and voluntarily made. The fact that the court interrupted the hearing before all the evidence was in to express the opinion that the jury would convict defendant, followed by the statement that, if convicted, defendant could expect "a long sentence," necessarily leads, we think, to the conclusion that defendant changed his plea from not guilty to guilty because of what the judge said. It cannot be said that the plea was in fact a voluntary plea. On the findings made, Judge Campbell should have awarded a new trial. Defendant may now be tried on the bills charging him with armed robbery.

Reversed.