STATE OF NORTH CAROLINA v. CARL ANDERSON PAIT

No. 8516SC1292

(Filed 3 June 1986)

**1. Criminal Law § 23.3— guilty plea—coercion—denial of assistance of counsel**
    Defendant's guilty plea was not voluntary but was coerced by the trial judge in violation of defendant's constitutional rights to a fair trial and effective assistance of counsel where counsel undertook to plead not guilty for defendant; the judge became visibly agitated and said in what appeared to be an angry voice that he was tired of "frivolous pleas"; the judge then asked defendant if he had made an incriminating statement to police and, upon receiving an affirmative answer, directed counsel to confer with defendant and return with an "honest plea"; defendant feared that the judge would be hard on him if he did not change his plea; and defendant did change his plea despite counsel's advice that he faced a maximum sentence of 60 years and had a right to plead not guilty.

State v. Pait

2. **Constitutional Law § 44— denial of effective assistance of counsel—no time to prepare defense**

> Defendant was denied the right to effective assistance of counsel where defendant's counsel was informed of his appointment only a short time before the arraignment; he did not meet with defendant until after the arraignment session of court had begun; the only items then in defendant's file were the arrest warrants; defendant told counsel of the charges against him and said that he thought he was guilty of them; defendant was coerced into entering a guilty plea by the judge; and counsel thus had no opportunity to obtain knowledge about the case and to advise and assist defendant.

ON writ of certiorari from *Ellis, Judge.* Order entered 13 September 1984 in Superior Court, ROBESON County. Heard in the Court of Appeals 16 April 1986.

On 1 June 1982, defendant was indicted on six counts each of forgery and uttering a forged instrument. That same day he was arrested, had counsel appointed, was arraigned, pleaded guilty before Judge Bailey, and was convicted of all charges. At the sentencing hearing a week later, defendant received consecutive two-year presumptive terms for each offense to begin at the expiration of another sentence that had been reactivated as a result of the convictions. In January, 1984 defendant filed a motion for appropriate relief pursuant to G.S. 15A-1415 on the ground that his guilty plea had been coerced in violation of his constitutional rights. The motion, supported by his own affidavit and that of his mother and court-appointed counsel, was heard by Judge Ellis. The evidence bearing thereon may be summarized as follows:

Defendant's counsel, informed of his appointment only a short time before the arraignment, did not meet with defendant until after the afternoon arraignment session of court had begun. The only items then in defendant's file were the arrest warrants. Defendant told counsel of the charges against him and said that he thought he was guilty of them; counsel indicated that he nevertheless would plead him not guilty since he had not talked to any of the witnesses, did not know enough about the case to advise him, and needed time to investigate and prepare a defense. Later in court when counsel undertook to plead not guilty for the defendant Judge Bailey became visibly agitated and said in what appeared to be an angry voice that he was tired of "frivolous pleas." The judge then asked defendant whether he had made an incriminating statement to the police and upon defendant saying that he

had, he directed counsel to confer with defendant and return with an "honest plea." In the conference that followed between defendant and counsel they discussed the judge's statement and apparent agitation, and defendant was anxious and feared that Judge Bailey would be hard on him if he did not change his plea; and he changed his plea, despite counsel's advice that he faced a maximum sentence of 60 years and had a right to plead not guilty. The transcript of the plea entered before Judge Bailey indicates that defendant discussed his case with counsel and was satisfied with him; that he knew and understood the charges which carried a maximum sentence of 60 years; that he was in fact guilty; that he knew he had a right to plead not guilty; that he understood the consequences of waiving that right; that he was under no threat to plead guilty; and that he did so knowingly and voluntarily. Judge Bailey accepted the plea and delayed sentencing for one week to allow counsel time to review the file. At the sentencing hearing though aggravating and mitigating factors were found Judge Bailey imposed the presumptive terms as stated above.

After finding facts essentially as stated above Judge Ellis concluded that defendant's guilty plea was not induced by Judge Bailey and denied the motion. The matter is here under a writ of certiorari authorized by G.S. 15A-1422(c) and 15A-1444(f).

*Attorney General Thornburg, by Assistant Attorney General James Peeler Smith, for the State.*

*Appellate Defender Hunter, by Assistant Appellate Defender Geoffrey C. Mangum, for defendant appellant.*

PHILLIPS, Judge.

[1] The only issue before us is whether defendant entered his guilty plea voluntarily and knowingly or whether it was coerced by the trial judge in violation of defendant's constitutional rights to a fair trial and effective assistance of counsel. At the hearing on the motion defendant had the burden of establishing the facts essential to his claim by a preponderance of the evidence. G.S. 15A-1420(c)(5). The findings made by the trial court are binding if they are supported by any competent evidence, *State v. Stevens*, 305 N.C. 712, 291 S.E. 2d 585 (1982), and the trial court's ruling on facts so supported may be disturbed only when there has been a

manifest abuse of discretion, *State v. Sprinkle*, 46 N.C. App. 802, 266 S.E. 2d 375, *disc. rev. denied*, 300 N.C. 561, 270 S.E. 2d 115 (1980), or when it is based on an error of law. *State v. Wheeler*, 249 N.C. 187, 105 S.E. 2d 615 (1958). The facts in this case are not in substantial dispute; the only question is whether they show a violation of defendant's constitutional rights. In our opinion the facts do show such a violation and the trial court erred in concluding to the contrary.

Essential to the preservation of the constitutional guarantee of a fair trial is the right of a criminal defendant to plead not guilty and force the State to establish his guilt beyond a reasonable doubt. *State v. Lewis*, 274 N.C. 438, 164 S.E. 2d 177 (1968). "No other right of the individual has been so zealously guarded over the years and so deeply embedded in our system of jurisprudence as an accused's right to a jury trial." *State v. Boone*, 294 N.C. 702, 712, 239 S.E. 2d 459, 465 (1977). By pleading guilty a defendant not only relieves the State of its burden but also waives many of his own rights, including the right to have a jury determine his guilt. The right to plead not guilty is absolute and neither the court nor the State should interfere with the free, unfettered exercise of that right; its surrender by a plea of guilty must be voluntary and with full knowledge and understanding of the consequences. *Brady v. U.S.*, 397 U.S. 742, 25 L.Ed. 2d 747, 90 S.Ct. 1463 (1970); *State v. Ford*, 281 N.C. 62, 187 S.E. 2d 741 (1972). To guard against the violation of this right Article 58 of Chapter 15A of the North Carolina General Statutes was enacted. While G.S. 15A-1021(a) specifically allows the trial judge to participate in plea bargain discussions, G.S. 15A-1021(b) specifically forbids any representative of the State from improperly pressuring a defendant into a plea of guilty or *nolo contendere*. A guilty plea that is procured through threats or intimidation is constitutionally invalid. *State v. Benfield*, 264 N.C. 75, 140 S.E. 2d 706 (1965). In *Benfield*, the trial judge after trial began indicated to defense counsel that if the jury found defendant guilty, as he believed it would do, he would be inclined to give defendant a long, active sentence. Defendant, who knew that his co-defendant had pleaded guilty and received a suspended sentence, changed his plea to guilty and when asked by the court indicated that it was freely made. In a *per curiam* opinion the Supreme Court held that defendant changed his plea because of what the trial judge

said and that it was not done voluntarily under the circumstances. We believe that *Benfield* clearly controls this case. Though Judge Bailey did not explicitly threaten defendant with a longer sentence, that he influenced him to plead guilty is clear from the court's findings and the evidence supporting them. Indeed, the self-evident purpose and effect of the judge's remarks was to provoke a plea of guilty; and Judge Ellis should have so concluded as a matter of law. That a trial judge's unguarded remarks may unduly affect jurors is commonly known by the profession and has been noted by our courts many times; it is just as well known that such remarks can also unduly affect those whose punishment, if any, for crime will be determined by the one making the remarks. Thus, the judgments of conviction based on the involuntary pleas of guilty are vacated and the cases are remanded to the Superior Court for a new trial.

[2] Though involuntariness of the plea is sufficient to warrant a new trial, the course taken by the judge also denied defendant the effective assistance of counsel. A criminal defendant is entitled to the assistance of counsel at all critical stages of the criminal trial process, including arraignment. *State v. Sanders*, 294 N.C. 337, 240 S.E. 2d 788 (1978); G.S. 15A-942. In order to effectuate this right defense counsel must be allowed reasonable time and opportunity for preparation. *State v. Moore*, 39 N.C. App. 643, 251 S.E. 2d 647, *appeal dismissed*, 297 N.C. 178, 254 S.E. 2d 39 (1979). In this case, as the found facts plainly show, because of the unusual celerity with which the State and court moved defendant's counsel was not, and could not have possibly been, prepared to effectively advise and assist his client as Judge Bailey appointed him to do. The constitutional requirement for the assistance of counsel is not satisfied merely by an order of appointment; counsel must be given the opportunity to both advise and assist the defendant and neither can be done without knowledge of the case, which defendant's counsel did not have and had no opportunity to get.

Vacated and remanded.

Judges BECTON and COZORT concur.