STATE OF NORTH CAROLINA v. CORNELIUS CANNON AND DAVID LEE REDMOND (REDMAN)

No. 21A89

(Filed 18 January 1990)

**Criminal Law § 150 (NCI4th) — sentencing — defendants' refusal to accept plea bargain — consideration by court — new sentencing hearing**

Defendants' constitutional right to a jury trial was abridged and they are entitled to a new sentencing hearing in an armed robbery case where the trial court, upon being advised that defendants had refused to accept a plea bargain and demanded a jury trial, told counsel in no uncertain terms that if defendants were convicted he would give them the maximum sentence. The Fair Sentencing Act did not insulate the pretrial remarks of the trial court from the sentencing process since it cannot be concluded that the sentences imposed were based solely upon the evidence, the argument of counsel, the aggravating and mitigating factors found by the trial court, and the balancing of those factors.

**Am Jur 2d, Criminal Law §§ 481, 483, 504.**

APPEAL by defendants pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals reported in 92 N.C. App. 246, 374 S.E.2d 604 (1988), which found no error in the judgment entered by *Llewellyn, J.*, at the 14 December 1987 Criminal Session of Superior Court, LENOIR County. Heard in the Supreme Court 13 September 1989.

*Lacy H. Thornburg, Attorney General, by Robert G. Webb, Special Deputy Attorney General, and E. Burke Haywood, Associate Attorney General, for the state.*

*Malcolm Ray Hunter, Appellate Defender, by Teresa A. McHugh, Assistant Appellate Defender, for the defendant-appellant Cannon.*

*William D. Spence for the defendant-appellant Redmond (Redman).*

STATE v. CANNON

[326 N.C. 37 (1990)]

MARTIN, Justice.

Upon the single issue raised on this appeal, we hold that the trial judge erred and defendants are entitled to a new sentencing hearing.

At the commencement of this trial on armed robbery charges, a lengthy voir dire hearing was conducted to determine the admissibility of identification evidence—not only were there two eyewitnesses, the robbery was also recorded by a video camera and defendants were apprehended hiding under a house shortly after the robbery. After ruling that the identification evidence was admissible, the trial judge held an unrecorded bench conference about the possibility of a negotiated plea of guilty. Upon being advised that defendants demanded a jury trial, the trial judge told counsel in no uncertain terms that if defendants were convicted he would give them the maximum sentence. Both defendants were so advised by their attorneys.

The following appears in the record:

Mr. Wooten: I wanted to put in the record for perhaps future reference that Mr. Cannon has been offered a plea bargain for less than the maximum term that could be imposed for robbery with a dangerous weapon. I have advised him that considering the evidence it is my personal recommendation that he would probably want to consider and accept that offer and he has advised me he does not want to accept it. He wants to maintain the entry of his plea of not guilty and to be tried by a jury.

Mr. Turner: Your Honor, on December 14th I had several conferences with the defendant Redman concerning all of the evidence that was available to us at that time and that we felt like that would be presented. I advised him that in my opinion that I felt the likelihood of a conviction was very likely in my professional opinion.

He also has been offered a plea bargain whereby he would receive fourteen years and he also has been advised that if he is convicted he could receive an active sentence of considerably more than that.

On December the 14th he advised me in writing that he wished to proceed with the trial and even though that is contrary to my advice.

. . . .

Court: They've been put on notice and I hope that both of you gentlemen have indicated to your clients what I have indicated to you would be the penalty in the event of a conviction in this case.

Mr. Turner: I have done so numerous times.

Mr. Wooten: I wrote it out on one occasion and he signed it and I told him that he would receive the maximum of forty (40) years.

Defendant Cannon was sentenced to thirty-five years imprisonment and Redmond to thirty years imprisonment. The trial judge found the prior conviction aggravating factor as to both defendants and a mitigating factor of being impaired by a drug as to defendant Cannon.

We conclude that the principles of State v. Boone, 293 N.C. 702, 293 S.E.2d 459 (1977) control this appeal. Where it can reasonably be inferred from the language of the trial judge that the sentence was imposed at least in part because defendant did not agree to a plea offer by the state and insisted on a trial by jury, defendant's constitutional right to trial by jury has been abridged, and a new sentencing hearing must result.

"No person shall be convicted of any crime but by the unanimous verdict of a jury in open court." N.C. Const. art. I, § 24. A criminal defendant may not be punished at sentencing for exercising this constitutional right to trial by jury. State v. Boone, 293 N.C. 702, 293 S.E.2d 459. See State v. Benfield, 264 N.C. 75, 140 S.E.2d 706 (1965).

The state contends that the Fair Sentencing Act insulates the pretrial remarks of the trial judge from the sentencing process. We do not agree. The Act does enable an appellate court to make a meaningful determination of whether the trial judge could properly sentence a defendant to more than the presumptive term. But it is only after all possible aggravating and mitigating factors are considered that the trial judge should determine the appropriate sentence. N.C.G.S. § 15A-1340.4 (1988). Here, the trial judge stated

his intended sentence even before the evidence was presented to the jury on the issue of guilt. We cannot conclude that the sentences imposed were based solely upon the evidence, the argument of counsel and the aggravating and mitigating factors found by the trial judge and the balancing of those factors.

It is true that defendants in this case are undeniably guilty, and the jury so found. Nevertheless, constitutional rights extend to the guilty, and when they are violated the constitutional protections of all citizens are weakened.

We further note that such remarks by judges may cut both ways: if defendants had pleaded guilty *after* they heard the trial judge's remarks, serious constitutional questions would have arisen as to the voluntariness of the pleas. *State v. Benfield*, 264 N.C. 75, 140 S.E.2d 706 (defendants' change of not guilty plea to guilty following the judge's statement that if convicted defendants could expect "a long sentence," held on appeal to be an involuntary plea of guilty).

The decision of the Court of Appeals is reversed and this cause is remanded to that court for further remand to the Superior Court, Lenoir County, for a new sentencing hearing as to both defendants.

Reversed and remanded.