BRYANT, Judge.
Where there was testimony that videotapes fairly and accurately depicted the events filmed, a proper foundation for admissibility of the evidence existed.
On 19 August 2013, a Carteret County grand jury indicted defendant Fredrick D. Gibbs on three counts of selling or delivering cocaine and two counts of possession with intent to sell or deliver cocaine. On 4 November 2013, defendant was indicted on three counts of attaining habitual felon status. On 19 August 2013, defendant was indicted on an additional count of possession with intent to sell or deliver cocaine. These matters came to trial on 5 May 2014 in Carteret County Superior Court, the Honorable W. Allen Cobb, Jr., Judge presiding.
At trial, the evidence tended to show that in March 2013, Randall Beheler came to the Morehead City Police Department with a complaint that his pit bull had been stolen by his roommate, defendant. Narcotics detective Daniel Black had already been conducting surveillance on defendant and in speaking with Beheler, Beheler offered to act as an informant for Detective Black.
On 10 March 2013, Beheler met with Detective Black in preparation for a transaction to purchase "crack" cocaine from defendant. Detective Black testified that before and after every drug deal in which he utilizes an informant to purchase drugs, Detective Black searches both the informant and the informant's vehicle. He also provides the informant with money to purchase drugs and with audio/visual recording equipment. On 10 March, Detective Black performed his search, provided Beheler with $100.00, and wired Beheler with an audio/video recording device. Detective Black started the recording device and "gave the date, the time, and then he, Mr. Beheler, went to his house and waited on [defendant] to arrive with the crack-cocaine." When Beheler returned, Detective Black seized the crack cocaine and the audio/visual recording device.
On 3 April and again on 26 April, Detective Black met Beheler in preparation for a drug transaction, searched Beheler's person and his vehicle, and provided Beheler with money to purchase cocaine from defendant. After each purchase, Detective Black would seize the crack cocaine and the audio/visual recording device from Beheler. The videos recorded during the drug transactions between defendant and Beheler were introduced into evidence and played for the jury.
The substances seized from Beheler by Detective Black on 10 March, 3 April, and 26 April 2013 were submitted for chemical analysis and determined to be cocaine, a schedule II controlled substance, at a weight of 1 gram, 0.68 grams, and 0.59 grams, respectively.
Defendant was convicted by a jury of three counts of sale or delivery of cocaine and three counts of possession with intent to sell or deliver cocaine. Defendant pled guilty to three counts of attaining habitual felon status. The trial court entered judgments in accordance with the jury verdict; after the trial court consolidated one count of sale or delivery of cocaine, one count of possession with intent to sell or deliver cocaine, and one count of attaining habitual felon status, defendant was sentenced to a term of 90 to 120 months. After consolidating the remaining counts in a separate judgment, the trial court sentenced defendant to a second term of 90 to 120 months, to be served consecutively. Defendant appeals.
On appeal, defendant argues that the trial court erred by admitting into evidence videos of the three drug transactions. Specifically, defendant contends the State failed to provide a foundation sufficient to warrant the admission of video evidence. We disagree.
"[T]he basic principles which govern the admissibility of photographs apply to motion pictures, and where they are relevant and have been properly authenticated, they are admissible in evidence." State v. Strickland,276 N.C. 253, 258, 173 S.E.2d 129, 132 (1970). "Any party may introduce a photograph, video tape, motion picture, X-ray or other photographic representation as substantive evidence upon laying a proper foundation and meeting other applicable evidentiary requirements." N.C. Gen.Stat. § 8-97 (2015).
"[W]hen a videotape depicts conduct of a defendant in a criminal case, its potential impact requires the trial judge to inquire carefully into its authenticity, relevancy, and competency." State v. Collins,216 N.C.App. 249, 252, 716 S.E.2d 255, 258 (2011). This Court has previously stated that the prerequisite of laying a proper foundation for the admission of a video tape into evidence may be met by
(1) testimony that the motion picture or videotape fairly and accurately illustrates the events filmed; (2) proper testimony concerning the checking and operation of the video camera and the chain of evidence concerning the videotape; (3) testimony that the photographs introduced at trial were the same as those the witness had inspected immediately after processing; or (4) testimony that the videotape had not been edited, and that the picture fairly and accurately recorded the actual appearance of the area photographed.
State v. Cannon,92 N.C.App. 246, 254, 374 S.E.2d 604, 608-09 (1988), rev'd on other grounds,326 N.C. 37, 387 S.E.2d 450 (1990), as cited in State v. Collins,216 N.C.App. 249, 252, 716 S.E.2d 255, 258 (2011).
Defendant points to a discrepancy between the date stamps on the videos shown to the jury and the dates the State's witnesses testified the transactions took place. Defendant contends that this discrepancy indicates a malfunction in the video recording equipment and, as such, the State failed to provide a sufficient foundation for the admission of the videos. Defendant's contention is without merit.
At trial, the State proffered three videos of informant Beheler purchasing cocaine from defendant. Defendant objected to the admission of the three videos that were taken from a surveillance device worn by Beheler and used to record defendant's drug transactions. The trial court conducted voir direto address defendant's objection. The State called Detective Daniel Black who testified about the surveillance device used to record the audio and video during the drug transactions. Detective Black testified that he had used that particular surveillance device between 150 and 200 times over the last two and a half years. Following each drug transaction, when the informant returned the surveillance device, Detective Black removed "an SD card" from the surveillance device; he would then insert the SD card into a computer, download the data from the card and copy the images and sound onto a DVD video. However, despite the date and time stated by Detective Black on the audio and video recording by the surveillance equipment, the video copied to the DVD reflected a date-time stamp of 16 July 2008, five years prior to the events depicted on the recording and prior to Detective Black's employment with the Morehead City Police Department. Detective Black acknowledged the technical glitch that caused the discrepancy and testified that he did not know how to input the date or time into the surveillance device to correct it. For that reason, at the start of each recording session Detective Black would announce the date and time, the purpose of the transaction he expected to record, and his name. Detective Black further testified that he had viewed the videos to be introduced at trial as evidence of the drug transactions and confirmed that the recordings were made at the date and time he announced at the beginning of each video. At the close of voir dire,the trial court admitted the videos into evidence.
It is clear from this record that a proper foundation was laid for the admission of the videos depicting the drug transactions. Detective Black authenticated the videos and through his testimony resolved defendant's challenges regarding the discrepancy between the date stamp on the videos and the date of the actual transactions at bar. Acknowledging the technical glitch, Detective Black testified that the recording device was otherwise properly checked and operated on each occasion. Perhaps most importantly, the informant, Beheler, testified before the jury that the three videos fairly and accurately illustrated the drug deals in which he had participated. Such testimony was sufficient to lay a proper foundation for the admission of the videos. Accordingly, we overrule defendant's argument and find no error in the judgment of the trial court.
NO ERROR.
Judges DAVIS and INMAN concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgments entered 7 May 2014 by Judge W. Allen Cobb, Jr., in Carteret County Superior Court. Heard in the Court of Appeals 7 April 2015.