STATE OF NORTH CAROLINA v. CHARLES NATHANIEL BROWN, Defendant

No. COA10-920

(Filed 19 July 2011)

**Constitutional Law— effective assistance of counsel—no motion to suppress—evidence admissible**

Defendant was not deprived of effective assistance of counsel where his attorney did not move to suppress evidence discovered as a result of a stop by law enforcement officers. Although defendant argued on appeal that the stop was unlawful, the totality of the circumstances established that the officers had reasonable suspicion to conduct an investigatory stop.

On certiorari allowed 31 December 2009 to review judgment entered on or about 23 February 2009 by Judge Arnold O. Jones, II, in Superior Court, Wayne County. Heard in the Court of Appeals 24 February 2011.

*Attorney General, Roy A. Cooper, III, by Scott K. Beaver, Assistant Attorney General, for the State.*

*Richard E. Jester, for defendant-appellant.*

STROUD, Judge.

Charles Nathaniel Brown ("defendant") appeals from his conviction for carrying a concealed weapon, possession of a firearm by a convicted felon, and attaining the status of habitual felon. For the following reasons, we find no error in defendant's trial.

On 6 October 2008, defendant was indicted on charges of carrying a concealed weapon, possession of a firearm by a convicted felon, and attaining the status of habitual felon. Defendant was tried on the charges at the 16 February 2009 Criminal Session of Superior Court, Wayne County. The State's evidence presented at trial tended to show that on 11 January 2008, Officer James Serlick and Corporal Jeremy Sutton of the Goldsboro Police Department were on a special gang patrol in Goldsboro, North Carolina. At approximately 10 p.m., the officers observed a house that had a lot of foot traffic and vehicle traffic. Officer Serlick parked their vehicle in a church parking lot next to the house. They observed the house from about 50 yards away; there was a street light about 100 feet away. The officers were in an unmarked car and were wearing chains that displayed their

badges. Officer Serlick was wearing a T-shirt that was plainly marked "Police." The officers observed defendant walk from the rear of the house to the front of their vehicle. Before defendant reached the driver's side door, Corporal Sutton and Officer Serlick got out of their vehicle. Defendant displayed several signs of nervousness and asked the officers for a cigarette. Officer Serlick asked defendant to place his hands on the car; defendant was also asked if he had a weapon on him. When defendant responded "yes[,]" Officer Serlick told him not to make any sudden movements. Officer Serlick then searched defendant and discovered a .45 caliber pistol in front of his waistband. Defendant was then placed under arrest. The State also presented evidence tending to show that defendant had been convicted of a number of felonies in the past. Defendant did not present any evidence at trial.

On 20 February 2009, the jury found defendant guilty of carrying a concealed weapon and possession of a firearm by a convicted felon. The trial court then conducted a second trial upon the habitual felon indictment, and the jury found defendant guilty of obtaining the status of habitual felon. The trial court entered judgment upon those verdicts and sentenced defendant to a term of 116 to 149 months imprisonment. Defendant filed a petition for writ of crtiorari with this Court on 11 December 2009. Defendant's petition was allowed on 31 December 2009.

Defendant's sole argument on appeal is that his counsel at trial was ineffective in not moving to suppress evidence discovered as a result of the unlawful stop of his person by the officers, because the officers had no legally sufficient reason to stop and question him.

North Carolina has adopted the federal standard for ineffective assistance of counsel; this standard consists of a two-part test. *State v. Braswell,* 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984). Accordingly, we must determine whether defendant's counsel's failure to raise a motion to suppress evidence discovered as a result of the seizure of defendant's person amounted to ineffective assistance of counsel. *See id.*

Specifically, defendant contends that a motion to suppress should have been made by his trial counsel, as the State failed to present sufficient "specific and articulable facts" that would give the officers a reasonable suspicion that defendant was involved in criminal activity to justify the officers' stop of defendant and the resulting search of his person on the day in question. Defendant concludes that because the investigatory stop of him was unlawful, his trial counsel's failure to make a motion to suppress any evidence obtained as a result of that stop amounted to ineffective assistance of counsel and he should receive a new trial.

Our Supreme Court has stated that " 'the police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause.' " *State v. Styles*, 362 N.C. 412, 423-24, 665 S.E.2d 438, 445 (2008) (quoting *United States v. Sokolow*, 490 U.S. 1, 7, 104 L. Ed. 2d 1, 10 (1989)). This Court has further noted that

> "Reasonable suspicion" requires that "[t]he stop . . . be based on specific and articulable facts, as well as the rational inferences from those facts, as viewed through the eyes of a reasonable, cautious officer, guided by his experience and training." *State v. Watkins*, 337 N.C. 437, 441, 446 S.E.2d 67, 70 (1994). All the State is required to show is a "minimal level of objective justification, something more than an 'unparticularized suspicion or hunch.' " *Id.* at 442, 446 S.E.2d at 70 (quoting *U.S. v. Sokolow*, 490 U.S. 1, 7, 104 L. Ed. 2d 1, 10 (1989)). A court must consider the totality of the circumstances in determining whether the officer possessed a reasonable and articulable suspicion to make an investigatory stop. *Id.* at 441, 446 S.E.2d at 70.

*State v. Barnard*, 184 N.C. App. 25, 29, 645 S.E.2d 780, 783 (2007), affirmed by, 362 N.C. 244, 658 S.E.2d 643 (2008). "Reasonable suspicion is a 'less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence.' " *State v. Styles*, 362 N.C. 412, 414, 665 S.E.2d 438, 439 (2008) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 123, 145 L. Ed. 2d 570, 576 (2000)).

Factors to consider in determining whether a reasonable suspicion that the defendant was involved in criminal activity to justify an investigatory stop of the defendant include the officer's knowledge of "an area's propensity toward criminal activity[.]" *State v. Clyburn*, 120 N.C. App. 377, 381, 462 S.E.2d 538, 541 (1995). Also, "nervousness [of defendant] is an appropriate factor to consider when determining whether a basis for a reasonable suspicion exists." *State v. McClendon*, 350 N.C. 630, 638, 517 S.E.2d 128, 134 (1999). This Court has considered 9:40 p.m. to be a late hour when determining whether there was a reasonable suspicion of criminal activity. *State v. Tillett*, 50 N.C. App. 520, 524, 274 S.E.2d 361, 364, *appeal dismissed*, 302 N.C. 633, 280 S.E.2d 448 (1981).

Here, the totality of the circumstances establishes that the officers had reasonable suspicion to conduct an investigatory stop of defendant. First, we note that the officers did not initially approach defendant; instead, the defendant approached the officers' car. Corporal Sutton testified that when defendant approached his vehicle he feared for his safety and that he wanted to get out of the car when defendant approached so that he would have a better defensive position if something happened. In fact, if defendant had not approached the officers, it appears unlikely that they would have had any interaction with him at all. In addition to defendant's approach to the officers' car, the area of the stop was known to the officers as being one prone to criminal activity and Corporal Sutton had made several drug arrests in the area. Corporal Sutton testified that he had previously made drug arrests in front of the house from which defendant came. In fact, the officers were at the location because they had noticed a lot of traffic on foot and in cars around the house. When defendant realized the individuals in the vehicle were police officers his "demeanor changed" and he appeared to the officer to be very nervous. Officer Serlick testified that defendant started to sweat, began stuttering, and would not talk very loud. The hour was late, and there was little light available for the officers to see defendant's actions. Therefore, viewed under the totality of the circumstances, a reasonable and cautious officer guided by his experience and training could form a reasonable suspicion that defendant was involved in criminal conduct. *See Barnard*, 184 N.C. App. at 29, 645 S.E.2d at 783. Accordingly, the officers acted lawfully when they made this brief investigative stop of defendant.[1]

---

1. In his brief and reply brief, defendant also contends, in response to the State's argument on appeal that the officers did not seize defendant, that he was seized when the officer told him to put his hands on the hood of the car. However, this argument is

After considering the evidence according to *Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693, we hold that defendant was not prejudiced by the failure of his counsel to move to suppress the evidence of the seizure and find no error in defendant's trial.

NO ERROR.

Judges HUNTER, JR., Robert N. and THIGPEN concur.

---

moot as we have already found that the officers had a reasonable suspicion to conduct a seizure of defendant's person.