STATE OF NORTH CAROLINA v. HEATHER R. SURRATT

No. COA11-239

(Filed 18 October 2011)

**Constitutional Law—effective assistance of counsel—failure to challenge witness**

A defendant charged with felony child abuse—sexual act, indecent liberties, and first-degree sexual offense with a child received ineffective assistance of counsel where her attorney did not challenge the testimony of a social worker who testified that she had investigated the sexual abuse allegations and removed the children from the home, but did not mention that the children were removed for neglect rather than sexual abuse. There was no physical evidence, no witnesses other than the victim, a long delay between the dates of the crime and the accusation, and it was quite likely that the jury may have reached a different result without this testimony.

Appeal by defendant from judgments and order entered on or about 22 September 2010 by Judge Ronald E. Spivey in Superior Court, Forsyth County. Heard in the Court of Appeals 15 September 2011.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General David Gordon, for the State.*

*Mark Montgomery, for defendant-appellant.*

STROUD, Judge.

Defendant appeals her convictions for two counts of felony child abuse—sexual act, two counts of indecent liberties with a child, and two counts of first degree sex offense with a child, arguing that she received ineffective assistance of counsel. For the following reasons, we conclude that defendant did receive ineffective assistance of counsel, and we order she receive a new trial.

I. Background

The State's evidence tended to show that in 2005, defendant forced Jenny[1], her biological minor daughter, to touch inside her vagina with her fingers. On another occasion, defendant also made Jenny lick her vagina. On or about 20 July 2009, defendant was

1. A pseudonym will be used to protect the identity of the child.

indicted for two counts of felony child abuse—sexual act ("child abuse"), two counts of indecent liberties with a child ("indecent liberties"), and two counts of first degree sex offense with a child ("sex offense"). Defendant was tried by a jury and found guilty of all of the charges against her. Defendant was determined to have a prior record level of II and was sentenced consecutively to 24 to 38 months imprisonment for the child abuse and indecent liberties convictions and 250 to 309 months for the sex offense convictions. Defendant was also placed on satellite-based monitoring for the remainder of her life. Defendant appeals.

## II. Ineffective Assistance of Counsel

In a previous hearing before the district court regarding a Department of Social Services petition for abuse, neglect, and dependency, the district court concluded that defendant's children were not sexually abused but were neglected.[2] Before testimony in defendant's trial began, the trial court "grant[ed] the [State's] motion in limine excluding specific references to or [sic] the outcome of any previous DSS hearing." Defendant's attorney did not object.

During defendant's trial, Ms. Tina Wallace, "a social worker in Child Protective Services with Davidson County Department of Social Services[,]" testified that she interviewed defendant's family. Ms. Wallace discussed the allegations of sexual abuse made by Jenny and her interview with two of Jenny's siblings regarding what Jenny had told them. Ms. Wallace then testified that DSS removed defendant's children from the home and placed them with another family.

Defendant now contends that she received ineffective assistance of counsel, particularly because "[t]he jury should have . . . heard that th[e] removal was solely on the basis of neglect, not the sexual abuse alleged by" Jenny.

North Carolina has adopted the federal standard for ineffective assistance of counsel; this standard consists of a two-part test.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth

---

2. The district court's decision regarding the abuse, neglect, and dependency proceeding is not part of our record on appeal. However, it is clear from statements of counsel for both the State and defendant to the trial court that the district court concluded that defendant's children were neglected but not sexually abused.

Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable.

*State v. Brown*, ___ N.C. App. ___, ___, 713 S.E.2d 246, 248 (2011) (citation, quotation marks, and ellipses omitted).

After a thorough reading of the transcript, it is clear that defendant's children were placed in foster care after the investigation regarding Jenny's allegations; it is also evident that from Ms. Wallace's testimony the jury would have thought that the children were removed from their home due to those allegations; this Court would have believed the same thing, if we did not know that the district court removed the children based upon neglect. The jury did not hear any evidence regarding neglect or why the children were actually removed from their home; they only heard about the sexual abuse allegations.

In *State v. Martinez*, the "[d]efendant first argue[d] the trial court erred in admitting DSS social worker Putney's testimony that she 'substantiated' Nadia's 2006 claim of sexual abuse by Defendant. Defendant contend[ed] the admission of this testimony was an error of law as it unfairly bolstered the victim's credibility." ___ N.C. App. ___, ___, 711 S.E.2d 787, 789 (2011). This Court stated:

In *State v. Giddens*[, 199 N.C. App. 115, 681 S.E.2d 504 (2009), *aff'd per curiam*, 363 N.C. 826, 689 S.E.2d 858 (2010),] this Court concluded similar testimony to be an impermissible expression of opinion as to the credibility of the accuser. At issue in *Giddens* was the testimony by a DSS investigator that he "substantiated" the victim's sexual abuse allegation after an investigation into the claim. Because the investigator's testimony was based, in part, on the DSS investigation and not solely on the children's accounts of what happened, the Court rejected the State's argument that the testimony was a prior consistent statement and merely corroborated the victims' testimony. Rather, the testimony amounted to an impermissible voucher of the victims' credibility.

The *Giddens* Court concluded the investigator's testimony, that DSS "substantiated" the allegations of sexual abuse, essen-

tially told the jury that DSS determined the defendant was guilty of sexually abusing the victims and the trial court erred in admitting the testimony.

The State argues the present case is distinguishable. In *Giddens*, the State's witness testified to the thorough nature of the investigation that led DSS to conclude the victims' allegation was substantiated. Here, Putney did not testify to the thoroughness of the DSS investigation, but merely stated that DSS "substantiated" the claim after conducting an investigation. On this basis, the State contends it would be disingenuous to equate the present case with the facts of *Giddens*. We cannot agree.

In *Giddens*, the DSS investigator testified that her investigation included a global assessment, in which she inquired about more than the child's specific allegations, but also inquired as to the child's mental needs and supervision. Based on this information, the DSS investigator stated she had no information to substantiate that the child's other caregivers were abusive or neglectful. We cannot conclude the testimony in the present case, that DSS substantiated Nadia's sexual abuse allegations, is any less prejudicial than the testimony in *Giddens*. As we explained in *Giddens*, although the social worker was not qualified as an expert witness, the jury likely gave the witness' opinion more weight than the opinion of a lay person. The trial court erred in admitting Putney's substantiation testimony.

We also note the striking similarity of the evidence in *Giddens* and the present case. Here, as in *Giddens*, there was no physical evidence of sexual abuse. The State's expert medical witness, Dr. St. Claire, testified to Nadia's non-specific genital exam results— she looked like a very typical adolescent. Thus, the State's case rested solely on Nadia's testimony and additional corroborative testimony. In effect, the essential issue for the jury to consider was Nadia's credibility.

Accordingly, we conclude there is a reasonable possibility that had Putney's testimony not been admitted, the jury would have reached a different verdict.

*Id.* at ___, 711 S.E.2d at 789-90 (citations and quotation marks omitted).

Here, as in *Giddens* and *Martinez*, "there was no physical evidence of sexual abuse" and "[t]hus, the State's case rested solely on [Jenny]'s testimony and additional corroborative testimony." *Id.* at

___, 711 S.E.2d at 790. Furthermore, just as in *Giddens* and *Martinez* "although the social worker was not qualified as an expert witness, the jury likely gave the witness' opinion more weight than the opinion of a lay person." *Id.* Unlike *Giddens* and *Martinez*, Ms. Wallace did not specifically testify that the sexual abuse claims against defendant were "substantiated." *Id.* However, Ms. Wallace's testimony gave the jury the same impression, that the children were removed from their home because of sexual abuse, as the jury was told only that DSS was investigating the sexual abuse allegations and then that the children were removed from their home, without any mention of neglect or any other reason that the children could have been removed from their home. We believe Ms. Wallace's testimony was the functional equivalent of testimony that DSS had "substantiated" Jenny's allegations, thereby bolstering her credibility, which is perhaps even worse in this case than in those cases where DSS or the district court did actually find sexual abuse, as here, the district court did not remove the children based upon sexual abuse. Just as in *Giddens* and *Martinez*, we also conclude that the effect of bolstering the credibility of the one substantive witness was prejudicial. *See id.*

Yet we have not been asked to address Ms. Wallace's testimony substantively, but to consider instead the effectiveness of defendant's counsel in both allowing such testimony and not attempting to clarify the information. As noted above, there was no physical evidence of the crimes, there were no witnesses to the alleged acts other than Jenny, and there was a long delay between the dates of the crimes and Jenny's accusations. Under these circumstances, we believe it quite likely that without Ms. Wallace's testimony which impermissibly bolsters Jenny's testimony, the jury may have reached a different verdict. We conclude that failing to challenge Ms. Wallace's testimony was deficient advocacy on the part of defendant's trial attorney which ultimately had the effect of prejudicing defendant's case. *See Brown* at ___, 713 S.E.2d at 248. As such, we conclude that defendant received ineffective assistance of counsel.

### III. Conclusion

As we conclude that defendant received ineffective assistance of counsel, we order she receive a new trial. As defendant is receiving a new trial, we need not address her other issues on appeal.

NEW TRIAL.

Judges GEER and THIGPEN concur.