STATE OF NORTH CAROLINA v. HEATHER R. SURRATT

No. COA11-239-2

(Filed 17 January 2012)

**1. Criminal Law—court's use of "victim"—no plain error**
    There was no plain error in a prosecution for felony child abuse and other offenses in the trial court's use of the term "victim" to describe the prosecuting witness.

**2. Satellite-Based Monitoring—appeal—notice not in writing**
    An appeal from a satellite-based monitoring order was dismissed where the notice of appeal was not in writing and defendant did not petition for a writ of *certiorari*.

Appeal by defendant from judgments and order entered on or about 22 September 2010 by Judge Ronald E. Spivey in Superior Court, Forsyth County. Heard in the Court of Appeals 15 September

**STATE v. SURRATT**

[218 N.C. App. 308 (2012)]

2011. Vacated by the Supreme Court on 12 December 2011 and remanded to this Court for consideration of defendant's remaining issues on appeal.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General David Gordon, for the State.*

*Mark Montgomery, for defendant-appellant.*

STROUD, Judge.

Defendant appeals her convictions for two counts of felony child abuse—sexual act, two counts of indecent liberties with a child, and two counts of first degree sex offense with a child. For the following reasons, we find no error in part and dismiss in part.

## I. Background

On 18 October 2011, this Court determined in *State v. Surratt,* ____ N.C. App. ____, 717 S.E.2d 47 (Oct. 18, 2011) (No. COA11-239), that defendant received ineffective assistance of counsel and ordered that defendant receive a new trial. On 12 December 2011, our Supreme Court issued an order

> vacating the opinion of the Court of Appeals and remanding the case to the Court of Appeals with instructions to consider defendant's remaining issues. This Order is issued without prejudice to defendant's right thereafter to file a Motion for Appropriate Relief in the trial division raising the issue of ineffective assistance of counsel.

In accordance with the order of the Supreme Court, we will therefore address defendant's remaining issues, which are (1) whether the trial court committed plain error in referring to the complainant as "victim;" and (2) whether the trial court erred in requiring defendant to enroll in satellite-based monitoring ("SBM"). A detailed factual background was provided in this Court's original opinion; *see Surratt,* ____ N.C. App. ____, 717 S.E.2d 47, thus, here we provide only those facts which are necessary to address defendant's remaining issues on appeal.

## II. Use of the Word "Victim"

[1] Defendant argues that "the trial court committed plain error in using the term 'victim' to describe the complainant." (Original in all caps.) Defendant directs this Court's attention to the trial court's

instructions to the jury in which the term "victim" is used several times. Our Supreme Court has stated,

> Plain error is fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done . . . . . We cannot hold that the reference to the prosecuting witness as the victim was an error so basic and lacking in its elements that justice could not have been done. This assignment of error is overruled.

*State v. McCarroll*, 336 N.C. 559, 566, 445 S.E.2d 18, 22 (1994) (citation and quotation marks omitted). Accordingly, this argument is overruled.

### III. Satellite-Based Monitoring

[2] Lastly, defendant contends that "the trial court erred in requiring the defendant to submit to satellite[-]based monitoring." (Original in all caps.) However, defendant failed to file a written notice of appeal which is required to appeal from a SBM order. *See State v. Clark*, ____ N.C. App. ____, ____, 714 S.E.2d 754, 761 (2011) ("[A] defendant seeking to challenge an order requiring his or her enrollment in SBM must give written notice of appeal in accordance with N.C.R. App. P. 3(a) in order to properly invoke this Court's jurisdiction . . . . In view of the fact that Defendant noted his appeal from the trial court's SBM order orally, rather than in writing, he failed to properly appeal the trial court's SBM order to this Court, necessitating the dismissal of his appeal." (citation omitted)). As defendant has also failed to petition this Court for a writ of *certiorari* due to her failure to file a written notice of appeal, we dismiss this issue. *Compare id.*

NO ERROR in part; DISMISSED in part.

Judges GEER and THIGPEN concur.