An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-202

NORTH CAROLINA COURT OF APPEALS

Filed: 2 December 2014

STATE OF NORTH CAROLINA

v.

Forsyth County
No. 09 CRS 54539-41

HEATHER ROCHELLE SURRATT

Review of order entered 7 August 2013 by Judge William Z. Wood, Jr., in Forsyth County Superior Court based upon the issuance of a writ of *certiorari*. Heard in the Court of Appeals on 11 August 2014.

>   *Attorney General Roy Cooper, by Assistant Attorney General Sherri Horner Lawrence, for the State.*

>   *Mark Montgomery for defendant.*

ERVIN, Judge.

Defendant Heather Rochelle Surratt seeks review of an order denying her motion for appropriate relief following the issuance of a writ of *certiorari*. On appeal, Defendant contends that a number of the trial court's findings of fact lack adequate evidentiary support and that the trial court erroneously concluded that she was not entitled to relief from her original

convictions on ineffective assistance of counsel grounds. After careful consideration of Defendant's challenges to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be affirmed.

## I. Factual Background

On 24 April 2009, warrants for arrest charging Defendant with two counts of felony child abuse by sexual act, two counts of taking indecent liberties with a child, and two counts of first degree sex offense were issued. On 20 July 2009, the Forsyth County grand jury returned bills of indictment charging Defendant with two counts of felony child abuse by sexual act, two counts of taking indecent liberties with a child, and two counts of first degree sex offense. The charges against Defendant came on for trial before Judge Ronald E. Spivey and a jury at the 20 September 2010 criminal session of the Forsyth County Superior Court. As Judge Spivey was considering the merits of various pretrial motions, the State made a motion *in limine* to bar the introduction of evidence relating to the results of a prior adjudication hearing held in an abuse and neglect proceeding that had been initiated by the Forsyth County Department of Social Services in which both Defendant, the

mother of Jenny[1] and her siblings, and Mr. Surratt, the father of Jenny and her siblings, lost custody of their children. Although the issue of sexual abuse was raised in the adjudication hearing, the District Court's decision was based on findings of neglect, domestic violence, and drug abuse. The District Court did not find sexual abuse. In light of Defendant's failure to object to the allowance of the State's motion *in limine*, Judge Spivey granted the State's motion and instructed the parties to refrain from making any specific references to the adjudication hearing or its outcome.

At trial, Jenny testified that Defendant had performed sexual acts with her in their home when Jenny was nine years old. Jenny eventually reported Defendant's activities to her brother and sister, who told their father. Tina Wallace, a social worker, testified for the State at Defendant's trial about her interviews with Jenny and her siblings. As she was being cross-examined by Defendant's trial counsel, Ms. Wallace made reference to the adjudication hearing:

> Q. When was the case transferred from you to Miss Swaim?
>
> A. The children were placed in foster care on February 25th. And at that point Mrs. Swaim assumed responsibilities for foster care, and my responsibilities were primarily

---

[1] "Jenny" is a pseudonym used for ease of reading and to protect the privacy of the alleged juvenile victim.

-- primary to follow the case through adjudication in the court.

Q. So it was your case from October – basically from October to February?

A. Well, through the adjudication. But the responsibility for the Children's Services were with the foster care social worker.

Q. And when was the last time -- Well, let me ask you this: Are you currently still involved in the case?

A. No, I'm not.

Q. Okay. When was the last time that you had any involvement in the case?

A. At the adjudication hearing, and I believe that was in --

Q. June of last year?

A. At the adjudication hearing -- sorry -- I don't recall the --

(Witness reviewing notes.)

A. If I can just have a minute --

Q. Well, do you recall if it was June of last year?

A. I'm sorry?

Q. June of last year.

A. I can't be sure if that was the adjudication date or not without looking.

Q. Sometime last year?

A. Yes.

At the conclusion of the trial, the jury returned verdicts convicting Defendant of two counts of felony child abuse by sexual act, two counts of taking indecent liberties with a child, and two counts of first degree sex offense with a child. On 22 September 2010, Judge Spivey entered judgments sentencing Defendant to a term of 250 to 309 months imprisonment based upon Defendant's consolidated convictions for first degree sexual offense and to a consecutive term of 24 to 38 months imprisonment based upon Defendant's consolidated convictions for felony child abuse by sexual act and taking indecent liberties with a child. Defendant noted an appeal to this Court from Judge Spivey's judgments.

On 18 October 2011, this Court filed an opinion awarding Defendant a new trial on ineffective assistance of counsel grounds. *State v. Surratt*, 216 N.C. App. 404, 407-08, 717 S.E.2d 47, 49-50 (2011). On 8 December 2011, the Supreme Court entered an order allowing the State's petition for discretionary review, vacating our decision without prejudice to Defendant's right to raise her ineffective assistance of counsel claim in a motion for appropriate relief, and remanding this case to us for consideration of Defendant's remaining challenges to Judge Spivey's judgments. *State v. Surratt*, __ N.C. __, 732 S.E.2d 348 (2011). On 17 January 2012, we filed an opinion on remand

in which we allowed Judge Spivey's judgments to remain undisturbed. *State v. Surratt*, 218 N.C. App. 308, 309, 721 S.E.2d 255, 255 (2012).

On 25 April 2012, Defendant filed a motion for appropriate relief seeking relief from Judge Spivey's judgments on ineffective assistance of counsel grounds. On 30 July 2012, Judge Logan Todd Burke entered an order concluding that Defendant had failed to establish that the performance of Defendant's trial counsel was deficient and denied Defendant's motion.

On 11 October 2012, Defendant filed a petition with this Court in which she sought the issuance of a writ of *certiorari* authorizing review of Judge Burke's order. On 24 October 2012, this Court entered an order remanding this case to the Forsyth County Superior Court with instructions that an evidentiary hearing be conducted for the purpose of evaluating the merits of Defendant's ineffective assistance of counsel claim.

The evidentiary hearing was held on 27 March 2013 before the trial court. On 7 August 2013, the trial court entered an order denying Defendant's motion for appropriate relief. On 17 October 2013, Defendant filed a petition seeking the issuance of a writ of *certiorari* authorizing appellate review of the trial

court's order.  We issued the requested writ of *certiorari* on 14 November 2013.

## II. Jurisdiction and Standard of Review

Defendant's challenge to the trial court's order is properly before this Court pursuant to N.C. R. App. P. 21 and N.C. Gen. Stat. § 15A-1422(c)(3).  "When considering rulings on motions for appropriate relief, we review the trial court's order to determine 'whether the findings of fact are supported by evidence, whether the findings of fact support the conclusions of law, and whether the conclusions of law support the order entered by the trial court.'"  *State v. Frogge*, 359 N.C. 228, 240, 607 S.E.2d 627, 634 (2005) (quoting *State v. Stevens*, 305 N.C. 712, 720, 291 S.E.2d 585, 591 (1982)).  "The findings made by the trial court are binding if they are supported by any competent evidence . . . and the trial court's ruling on facts so supported may be disturbed only when there has been a manifest abuse of discretion . . . or when it is based on an error of law."  *State v. Pait*, 81 N.C. App. 286, 288-89, 343 S.E.2d 573, 575 (1986) (internal citations omitted).

## III. Substantive Legal Analysis

### A. Findings of Fact

In her brief, Defendant challenges the sufficiency of the evidentiary support for Finding of Fact Nos. 4, 7, 12, and 14.

In each instance, the relevant question for our consideration is whether the challenged findings of fact have adequate evidentiary support. As a general proposition, Defendant's challenges to the trial court's findings lack merit.

### 1. Finding of Fact No. 4

In Finding of Fact No. 4, the trial court determined that:

> [Defendant's trial counsel] stated he did not observe that the jury was getting a false impression at the time of trial. He further stated that in hindsight he would have asked Ms. Wallace more questions to include the rulings by the judge. [Defendant's trial counsel] stated that he was not sure whether he would have wanted the jury to know that no sexual abuse was found by the court in the adjudicatory hearing. [Defendant's trial counsel] stated that he was not sure if the jury even knew what an adjudication hearing meant.

After carefully reviewing the record, we hold that the trial court's finding that Defendant's trial counsel "did not observe that the jury was getting a false impression" had adequate record support. Defendant's trial counsel testified that he was not aware of what impression the jury was receiving from Ms. Wallace's testimony and that he did not see any indication that the jury was getting a false impression. However, the trial court's determination that Defendant's trial counsel "was not sure whether he would have wanted the jury to know that no sexual abuse was found by the court in the adjudicatory

hearing[]" conflicts with the evidence contained in the record, which clearly indicates that Defendant's trial counsel wanted to obtain the admission of evidence that the District Court had not found sexual abuse at the adjudication hearing and that he was disinclined to elicit evidence tending to show that the District Court found the children to be neglected juveniles based on domestic violence and drug use in the household. Finally, Defendant's trial counsel stated that he was unsure whether the jurors knew what an adjudication hearing was. As a result, with one exception that has no relevance to the prejudice inquiry required in proceedings evaluating ineffective assistance of counsel claims and that cannot, for that reason, support a finding of prejudicial error in this case, Finding of Fact No. 4 has adequate evidentiary support.

## 2. Finding of Fact No. 7

In Finding of Fact No. 7, the trial court found that Defendant's trial counsel avoided questioning Defendant about the reason that she lost custody of her children as part of a deliberate and reasonable strategy under which Defendant's trial counsel sought to avoid addressing neglect, drug abuse, and domestic violence issues. At a number of points, Defendant's trial counsel indicated that the ideal outcome would have been to elicit evidence that the District Court refrained from

finding that sexual abuse had occurred while preventing the jury from learning about the drug use and domestic violence issues upon which the District Court's determination of neglect rested. Although the record contains evidence that would support a different finding as well, we conclude that the evidentiary record supports the trial court's inference that the strategy adopted by Defendant's trial counsel included preventing the jury from learning the reasons that the District Court adjudicated the children to be neglected juveniles.

### 3. Finding of Fact No. 12

In Finding of Fact No. 12, the trial court found "[t]hat Ms. Wallace did not state any opinion as to the credibility of the alleged victim and did not impermissibly 'bolster' her testimony" and that "Ms. Wallace did not claim that the alleged victim's story was substantiated in any way." Once again, we conclude that, to the extent that Finding of Fact No. 12 is a factual finding instead of a legal conclusion, it has adequate evidentiary support.

"Our case law has long held that a witness may not vouch for the credibility of a victim." *State v. Giddens*, 199 N.C. App. 115, 121, 681 S.E.2d 504, 508 (2009), *aff'd*, 363 N.C. 826, 689 S.E.2d 858 (2010). As Defendant candidly admits, Ms. Wallace's testimony does not directly vouch for the credibility

of Jenny's allegations of sexual abuse. Instead, however, Defendant contends that the relevant portion of Ms. Wallace's testimony created the erroneous impression that Defendant and Mr. Surratt lost custody of their children on the basis of sexual abuse and that this inference, in turn, served to impermissibly bolster Jenny's testimony.

In our original consideration of this issue, we agreed with Defendant's contention. *See Surratt*, 216 N.C. App. at 407-08, 717 S.E.2d at 49-50. After additional consideration, however, we conclude that inferences other than the one suggested by Defendant can be drawn from the relevant portion of Ms. Wallace's testimony. According to Ms. Wallace, Jenny and her siblings were living with Mr. Surratt, rather than with Defendant, at the time of the abuse and neglect investigation. The children were removed from Defendant's custody months before the adjudication hearing was held. Instead, Ms. Wallace testified that the children were taken from Mr. Surratt and taken to the home of a family friend before being placed in foster care. The fact that the children were taken from both Defendant and Mr. Surratt before the adjudication hearing tends to suggest that the children were removed from the custody of their parents for reasons other than the sexual abuse with which Ms. Surratt had been charged. As a result, given that the

evidence permits a number of different inferences concerning the likely import of the relevant portion of Ms. Wallace's testimony, we cannot say that Finding of Fact No. 12 lacks adequate evidentiary support. *See Pait*, 81 N.C. App. at 288-89, 343 S.E.2d at 575.

### 4. Finding of Fact No. 14

In Finding of Fact No. 14, the trial court found that evidence that the District Court's neglect adjudication was based on domestic violence and drug use was properly excluded given the absence of any indication that such evidence would have been helpful to Defendant and that the admission of evidence "could have been prejudicial to the defense and was certainly not relevant to the issues to be decided by the jury." As an initial matter, we note that Finding of Fact No. 14, instead of being a finding of fact, is really an explanation of the reasoning process employed by the trial court. In addition, we see no valid basis for disputing the validity of the trial court's logic. As a result, we see no basis for an award of appellate relief based upon Defendant's challenge to Finding of Fact No. 14.

### B. Conclusions of Law

In the conclusions of law, the trial court concluded that Defendant failed to satisfy either of the two prongs of ineffective assistance of counsel.

> To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense. Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness. Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (internal citations and quotation marks omitted), *cert. denied*, 549 U.S. 867, 127 S.Ct. 164, 166 L. Ed. 2d 116 (2006). Assuming, for purposes of discussion, that Defendant did receive deficient representation from her trial counsel, we are unable to conclude that Defendant has shown the existence of the prejudice necessary to support an award of relief from Judge Spivey's judgment. *State v. Braswell*, 312 N.C. 553, 563, 324 S.E.2d 241, 249 (1985) (stating that, "if a reviewing court can determine at the outset that there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding

would have been different, then the court need not determine whether counsel's performance was actually deficient").

As we have already noted, the ultimate issue that must be addressed in determining whether a defendant has established the prejudice necessary for an award of relief on ineffective assistance of counsel grounds is whether there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674, 698 (1984). Thus, in order to obtain relief from Judge Spivey's judgment, Defendant would necessarily have to establish the existence of a reasonable probability that, had her trial counsel acted differently, the jury would have returned a verdict of not guilty rather than guilty.

In her brief, Defendant argues that she "was prejudiced by the failure of trial counsel or the court to correct the misapprehension that [Jenny] was taken from [Defendant] because the District Court found evidence of sexual abuse."[2] More

---

[2]Defendant has not argued that the admission of evidence tending to show that the District Court's failure to find that sexual abuse occurred at the adjudication hearing would have fundamentally altered the credibility calculus that the jury necessarily was required to engage in at Defendant's original trial as a result of the conflicting testimony presented by Jenny and Defendant. As a result, given that "[i]t is not the role of the appellate courts . . . to create an appeal for an appellant," *Viar v. N.C. Dep't. of Transp.*, 359 N.C. 400, 402,

specifically, the prejudice argument advanced in Defendant's brief rests on the theory that a mere reference to "the adjudicatory hearing," without any mention of the actual conclusion that the District Court reached at the conclusion of that hearing, resulted in an impermissible substantiation of Jenny's testimony at the actual conclusion of the hearing, and may have raised an impermissible substantiation of the type that resulted in awards of appellate relief in cases such as *Giddens*, 199 N.C. App. at 121, 681 S.E.2d at 508, and *State v. Martinez*, 212 N.C. App. 661, 664, 711 S.E.2d 787, 789, *disc. Review denied*, 365 N.C. 359, 719 S.E.2d 23 (2011). As the trial court noted, however, Ms. Wallace did not describe what an "adjudication" was or state any basis for the District Court's adjudication decision. After carefully reviewing the record, we are unable to accept Defendant's contention that a mere reference to an adjudication, without more, sufficed to create an impression on the part of the jury that the District Court

---

610 S.E.2d 360, 361 (2005), this Court is limited to an evaluation of the prejudice argument that has been actually advanced in Defendant's brief. We will, for that reason, refrain from addressing the extent, if any, to which the admission of evidence that the District Court failed to find that sexual abuse had occurred at the adjudication hearing, standing alone, would have sufficed to create a reasonable probability that the outcome would have been different in the absence of the allegedly deficient performance of Defendant's trial counsel by making it more likely that the jury would have believed Defendant rather than Jenny.

found in the related abuse and neglect proceeding that Defendant had sexually abused Jenny. On the contrary, we read the record to suggest that the jury would not have had any sort of a clear indication of what the effect of an adjudication in a juvenile abuse and neglect proceeding actually was. As a result, given our inability to accept Defendant's contention that the relevant portion of Ms. Wallace's testimony created any risk that the jury would have believed that the District Court had previously found that Defendant sexually abused Jenny, we cannot conclude that there is a reasonable probability that the outcome at Defendant's trial would have been different in the event that her trial counsel had taken action to correct the "misapprehension" that Defendant believes to have been created by Ms. Wallace's testimony.

## IV. Conclusion

Thus, for the reasons set forth above, we conclude that Defendant is not entitled to relief from the trial court's order. As a result, the trial court's order should be, and hereby is, affirmed.

AFFIRMED.

Judge ROBERT C. HUNTER and McCULLOUGH concur.

Report per Rule 30(e).